STATE *ex rel.* BRENNAN v. SHELTON *et al., County Election Board.*

No. 2024.    Opinion Filed October 27, 1910.

(111 Pac. 545.)

*Original Petition for Mandamus.*

Petition for mandamus by the State, on the relation of Francis R. Brennan, against D. C. Shelton and others, composing the County Election Board of Tulsa county.    Writ denied.

PER CURIAM.    On September 29, 1910, the relator filed original petition in this court praying an alternative writ of mandamus commanding the defendants to place his name upon the proper copy from which is to be printed the county ballots for each precinct in Tulsa county, Okla., as a non-partisan candidate for judge of the superior court of that county, such ballot to be voted at an election to be held on November 8, 1910. Due service was made, but no answer has been filed on the part of the respondents.    A brief, *amicus curiae,* by the Attorney General has been filed, and, on the petition and showing made by relator and on said brief, the cause is submitted.    Section 1, art. 7, c. 14, Sess. Laws Okla. 1909, provides:

"There is hereby created and established in every county in this state having a population of thirty thousand (30,000) or more, and having a city therein with eight thousand (8,000) or more, as now or hereafter shown by the last federal census, a court of civil and criminal jurisdiction co-extensive with the county, to be known as the superior court of such county, which shall be a court of record, and the said superior court shall be held in the largest city of such county"

Sectin 5, art. 7, c. 14, Sess. Laws Okla. 1909, provides:

"At the general election of county officers to be held in the year) 1910, and    at every similar election every fourth year thereafter, the qualified electors of such county wherein a superior court has been established, as provided in this act, shall

elect a judge of said court for such county to serve from the second Monday of the following January until the second Monday of January four years thereafter, and until his successor shall be elected and qualified."

Section 3267, Comp. Laws Okla. 1909, provides for the holding of a primary on the first Tuesday in the month of August in each and every even-numbered year, which, in the year of 1910, fell upon August 2d. Section 3279, Comp. Laws Okla. 1909, relating to the time of filing nominating petitions, provides:

"* * * * Nominating petitions required by this act to be filed with the secretary of the county election board shall be filed not more than ninety days nor less than thirty days before the day fixed by law for the primary election. The name of a non-partisan candidate shall not be printed upon the official ballot for the general election, unless a nominating petition in conformity with the provisions of this act shall have been filed for such candidate, with the proper election board, within the time prescribed by this section for the filing of nominating petitions."

The name of a non-partisan candidate, therefore, was not to be printed on the official ballot for the general election unless the nominating petition was filed not less than thirty days before the day fixed by law for the primary election where the petition was one required to be filed with the secretary of the county election board:

It is pleaded in the petition, and undenied, that a federal census was taken in the said city and county of Tulsa during the months of April and May, 1910, as of the 15th day of April, 1910, and that, on July 20, 1910, the director of the federal census officially determined and declared the population of Tulsa county to be more than 30,000 and of the city of Tulsa to be more than 8,000. Under section 3267 of the statute, *supra*, the primary election in the year 1910 fell on the 2d day of August; hence the last day for the filing of the petitions for the position to which relator aspires expired July 3, 1910, and as the official determination of the population of Tulsa county and city was not declared by the director of the official census until July 20, 1910, it follows that no provision could have been made prior to July

3, 1910, for the election of a judge of the superior court of that county at the election to be held on November 8, 1910, for the reason that, under the provisions of the law creating the superior court, a county became entitled to such court only when as shown by the last federal cenuse, it had a population of 30,000 and a city therein of 8,000. Under the previous census, Tulsa county was not entitled to a superior court, and only became entitled to such court when its population reached the number fixed by law as shown by the last federal census. It is therefore clear that, on June 4, 1910, when plaintiff filed his petition to have his name placed upon the ballot as an independent candidate for judge of the superior court, there was no such office existing within Tulsa county. It only became entitled to such court on July 20, 1910, or when it was shown by the last federal census that the requisite population existed.

This being true, it follows that the respondents did not err in refusing relator's demands, and the prayer and writ are accordingly denied.