## McKEE v. ADAIR COUNTY ELECTION BOARD.

No. 2272.    Opinion Filed November 26, 1912.

(128 Pac. 294.)

1.    **MANDAMUS — Canvassing Boards — Judicial Judgment.** Ordinarily canvassing boards, in the performance of their duties, are merely ministerial officers; but in determining whether the papers received by them, and purporting to be returns, are, in fact, genuine and sufficient for the purpose of their action, such boards have and may exercise a quasi judicial judgment, and the result thereof will not be controlled by mandamus.

2.    **SAME—Doubtful Claim—Denial.** The writ of mandamus being a discretionary writ, the plaintiff must show a clear legal right to the thing demanded; and, where the claim is substantially doubtful, a denial of the writ will not be held to be error.

3.    **QUO WARRANTO—Title to Office.** A proceeding in the nature of quo warranto is the proper one to be pursued in trying the title to an office.

(Syllabus by Brewer, C.)

*Error from District Court, Adair County;*
*John H. Pitchford, Judge.*

Action by George D. McKee against K. G. Comfort and others, composing the Adair County Election Board. Judgment for defendants, and plaintiff brings error. Affirmed.

*M. L. Williams, L. A. Williams,* and *W. A. Schoffield,* for plaintiff in error.

Opinion by BREWER, C. The petitioner alleges that he was legally elected to the office of county commissioner at the general election held November 8, 1910; that the county election board, in pursuance of law, met at the county seat of Adair county for the purpose of receiving and canvassing the election returns for that county, including the Third commissioner's district; that the election board refused to canvass the returns from two precincts in said commissioner's district, because the same were not properly certified and authenticated; that, if the two precincts not canvassed had been counted, petitioner would have received a majority of the votes, and would have been entitled to the certificate of election; that, by refusing to so canvass and count the said two precincts, petitioner was deprived of the election certificate which was issued to his opponent, who, without counting the two precincts, had a majority of the votes; that the precinct election officials of the two uncounted precincts appeared before the county election board, offered to correct, and properly authenticate the returns from those precincts, which was not permitted. Petitioner further alleges that, the county election board being strictly a ministerial body, it had no discretion, right, or authority in law to pass upon the regularity or legality of any of the election returns. Petitioner further alleges that he has no adequate remedy at law, and prays a peremptory writ of mandamus requiring the members of the election board of Adair county to reassemble in the town of Stilwell on a day certain to be named by the court, and that they be required to permit the precinct election officials to properly certify the two uncounted precincts; that such precincts be then canvassed and counted; that they be required to add the count of the two precincts to that of the other precincts already counted, and to issue a certificate of election to all candidates, which

the new canvass so made should show to have been elected in that county, including petitioner, etc.   On the hearing the court refused to issue the writ of mandamus as prayed, and the petitioner appeals.

It has been held in the case of *State ex rel. Montgomery v. State Election Board*, 29 Okla. 31, 116 Pac. 168, that while ordinarily, in the performance of their duties, canvassing boards are merely ministerial officers, yet they have and may exercise a quasi judicial judgment in determining whether the papers received by them and purporting to be returns are in fact genuine and sufficient for the purpose of their action, and that mandamus will not lie to control their judgment when so exercised.   Under the doctrine of that case, the county election board of Adair county had the right to reject the returns from the two precincts because they were not certified to and thus authenticated.

The question of their action in not permitting the precinct election officials to make new returns raises a more serious proposition, and, if the court was advised by the record what the deficiency in the returns consisted of, it might be required to reverse this case.   But the record is quite meager on this point.   It only appears "that said returns were not properly certified to by said election officials, and were not, therefore, properly authenticated."   This is all that either the pleadings or the agreed statement of facts shows.   It is not made to appear that the irregularities were such that the precinct election officials could at the county seat, and after the poll books, ballot boxes, ballots, certificates, and supplies were out of their hands, have made new returns or corrected the old ones accurately and truthfully.   This point is of too much importance and far-reaching in its effects to be decided on so meager and imperfect a record.

"The writ of mandamus is a discretionary writ; and where it does not appear that plaintiff has a clear legal right to the thing demanded, and where his claim thereto is substantially doubtful, the denial thereof is not error.   (*State ex rel. Shepard v. Crouch*, 31 Okla. 206, 120 Pac. 915.)

Besides, the contestant in this case had a speedy and ample remedy by an action in the nature of *quo warranto* to try the title to this office, as has been pointed out by this court in a number of decisions. *Roberts v. Marshall,* 33 Okla. 716, 127 Pac. 702; *Newhouse v. Alexander,* 27 Okla. 46, 110 Pac. 1121, 30 L. R. A. (N. S.) 602, Ann. Cas. 1912B, 674. That the object of this proceeding was to have determined petitioner's right to the certificate of election, and therefore his right to the office, abundantly appears from the petition and prayer, and he should have proceeded to do so under the statute, as is stated in the cases above cited. The case should be affirmed.

By the Court: It is so ordered.