## HAWKINS *et al.* v. HAWKINS *et al.*

No. 4198. Opinion Filed March 11, 1913.

(130 Pac. 926.)

**APPEAL AND ERROR**—Parties—Joinder—Service. On appeal all parties to the judgment which it is sought to reverse whose interests will be affected by a reversal of the judgment must either join in the prosecution of an appeal, or be made parties defendant and be brought into this court by service of summons, where they do not voluntarily appear.

(Syllabus by the Court.)

*Error from District Court, Wagoner County;*
*R. C. Allen, Judge.*

Action by William Hawkins and another, by their guardian, James H. Kennedy, against Joseph Hawkins, Sr., and others. Judgment for plaintiffs, and defendants bring error. Dismissed.

*Thomas, Thomas & Thomas,* for plaintiffs in error.

*Rittenhouse & Drake,* for defendants in error.

HAYES, C. J. This action was brought originally in the district court of Wagoner county by William Hawkins and Mack Hawkins, minors, by their guardian, against Joseph Hawkins, Sr., A. F. Parkinson, Matt Steil, Continental Land Company, Cass M. Bradley, Peter Hawkins, Tommie White, and Richie White, and Walter White, for the purpose of quieting title to a certain tract of land and for obtaining a decree of partition. The land involved was originally allotted to Leah Hawkins, a Creek freedman, who died intestate in 1902, and said land thereupon descended to her heirs, under the laws of descent and distribution

of the Creek Tribe of Indians. Joseph Hawkins, Sr., appearing as one of the plaintiffs in error in this proceeding, and who, in fact, is the only plaintiff in error, was the husband of said deceased allottee. Peter Hawkins, Tommie White, Richie White, and Walter White were heirs at law of decedent, and the remainder of the defendants in the trial court named above acquired their interests by purchase from other heirs of deceased. The decree of the trial court found the interests of each of the parties in the land involved and decreed a partition thereof. It was found that Joseph Hawkins, Sr., plaintiff in error, inherited an undivided one-tenth interest, but that he had sold and conveyed said interest to his codefendant, Peter Hawkins, and therefore, at the time of the trial, had no interest whatever in the land. The commissioners who were appointed to partition the land and report to the court, after making investigation, reported that the land could not be partitioned in kind to the various persons interested without manifest injury to them, and thereafter the court ordered that the land be advertised and sold, which was done; and after the purchaser paid into the court the sum of $4,010 as the purchase price the sale was confirmed, and the proceeds thereof distributed among the interested parties. Some nine months thereafter plaintiff in error Joseph Hawkins, Sr., filed a motion to vacate and set aside the judgment of the trial court, finding the interests of the respective parties in the land and decreeing a partition thereof, and the order confirming the sale, upon the sole ground that the trial court was without jurisdiction to make such order. It is from the order overruling this motion to vacate and set aside that this proceeding in error is prosecuted. Joseph Hawkins, Sr., who files this petition in error, has joined with him all of defendants in the trial court, and attempts to prosecute the proceedings against the two plaintiffs in that court; but it is made to appear that he has joined his codefendants as plaintiffs in error here without their knowledge or consent, and it is upon the motion of two of them to dismiss this proceeding that the cause is now pending.

Under the undisputed facts Joseph Hawkins, Sr., is the only person who has undertaken to prosecute an appeal. Assuming,

without deciding, that the order from which he attempts to appeal is an appealable order, his appeal, nevertheless, must be dismissed; for the relief he seeks cannot be granted without affecting the interests of his codefendants who are parties to the judgment of the lower court. It is well settled that on appeal all parties to the judgment which it is sought to reverse whose interests will be affected by a reversal of the judgment must either join in the prosecution of the appeal, or be made parties defendant and brought into this court by service of summons, where they do not voluntarily appear. *John v. Paullin,* 24 Okla. 636, 104 Pac. 365; *Weisbender v. School Dist. No. 6, Caddo County,* 24 Okla. 173, 103 Pac. 639. It is clear that to vacate and set aside the judgment of the trial court, ordering a partition, sale and confirming the sale thereafter made, and distributing the proceeds thereof, would affect the interests of plaintiff in error's codefendants in the trial court, and whom, without their consent, he has attempted to make coplaintiffs in error here.

The motion to dismiss is sustained.

KANE, DUNN, and TURNER, JJ., concur; WILLIAMS, J., not participating.