## WHITE LUMBER CO. v. BEASLEY *et al.*

No. 5167.  Opinion Filed March 9, 1915.

(146 Pac. 1082.)

**APPEAL AND ERROR—Necessary Parties—Dismissal.** On appeal all parties to a judgment which is sought to be reversed, whose interest will be affected by a reversal of the judgment, must either join in the proceedings in error or be made parties defendant, and be brought into this court by service of summons within the statutory time, and where they do not voluntarily appear, or on motion, the appeal will be dismissed.

(Syllabus by the Court.)

*Error from Superior Court, Custer County;*

*J. W. Lawter, Judge.*

Action by C. K. Harris against W. W. Beasley and others. From the judgment, the White Lumber Company, defendant, brings error. Dismissed.

*T. W. Jones, Jr.,* for plaintiff in error.

*Blakeney & Maxey* and *A. J. Welch* and *Geo. T. Webster,* for defendants in error.

PER CURIAM. In an action commenced in the superior court of Custer county by C. K. Harris against W. W. Beasley and S. R. Hawks, the Mid-Continent Life Insurance Company and several others, the object of which was to establish and foreclose a mechanic's lien on certain real estate the property of Beasley and Hawks, the White Lumber Company, plaintiff in error, intervened and set up their claim against Beasley and Hawks in the sum of $2,250, and prayed the court to decree their lien to be prior to the liens of Harris, the Mid-Continent Company, and the others, who were made parties defendant. The Mid-Continent Company thereupon filed its answer and cross-petition, wherein it claimed a mortgage for $14,000 on said property, and asked that the same be declared a prior lien upon the property and foreclosed. On the trial of the cause, the jury returned a verdict in favor of the White Lumber Company for $606.24, and the court, in deciding the priority of the liens, found that of the White Lumber Company to be prior to the lien of the Mid-Continent Company, and accordingly, in rendering judgment, the court reduced the claim of the White Lumber Company from $2,250 to $606.24, and declared their lien to be prior to the liens of all others. From this judgment reducing the amount of their claim the White Lumber Company brings the case here, making all parties in interest defendants in error. The case is now before

us on motion to dismiss for the reason that summons in error has not been served on the Mid-Continent Company, a necessary party to this appeal, nor has it waived service of summons or entered a general appearance. The judgment in this case was entered on April 24, 1913. The petition in error was filed in this court on May 29, 1913. The records fail to disclose service of summons in error, a waiver of service, or a general appearance entered by the Mid-Continent Company. Sess. Laws 1910-11, c. 18, p. 35, provides:

"All proceedings for reversing, vacating or modifying judgments, or final orders shall be commenced within six months from the rendition of the judgment or final order complained of. * * *"

Construing the above section with section 4659, Rev. Laws 1910, this court has held that, where a summons in error has been issued within the 6-month period, and service has not been obtained, the plaintiff in error may have 60 days from the issuance of the first summons in which to faithfully, properly, and diligently follow up his attempt to secure service. *Durant v. Munford*, 38 Okla. 552, 134 Pac. 50. But in this case the statutory period for service of summons has long since expired.

As all the parties to the judgment sought to be reversed whose interest will be affected by a reversal of the judgment have not joined in the proceedings in error or been brought into this court as parties defendant by service of summons, or waived the same, or entered a general appearance, the appeal will be dismissed. *Hawkins v. Hawkins*, 35 Okla. 641, 130 Pac. 926.

It is so ordered.

All the Justices concur.