### KING v. SHULTS.

No. 7668.   Opinion Filed September 12, 1916.

(159 Pac. 1106.)

**Appeal and Error—Parties—Necessary Parties.**

All parties to a judgment, who appear from the record to have substantial interest in sustaining or reversing the judgment, order, and decree of the trial court, or whose interests might be affected by a reversal, and new trial in the lower court, are necessary parties to an appeal, and this is not a question resting in the discretion of the appellate court, but is a fundamental question of jurisdiction; and, where such parties are not brought into this court, either as plaintiffs or defendants in error, the appeal must be dismissed for want of jurisdiction.

(Syllabus by Mathews, C.)

Error from District Court, Okfuskee County; Geo. C. Crump, Judge.

Action by Annie King against James M. Shults and others. There was a judgment for defendants, and plaintiff brings error. Dismissed.

Lafayette Walker, for plaintiff in error.

Rossiter & Wright, for defendant in error.

Opinion by MATHEWS, C. This action was brought in the district court of Okfuskee county for the possession of a certain tract of land and to quiet title. The defendant James M. Shults answered, claiming title in himself, and asked that his title be quieted. Barnogee Parnosky answered, claiming to hold a valid mortgage against said

land, executed by the defendant Shults. The Prairie Oil & Gas Company answered, claiming to be the owner of a valid oil and gas lease upon the premises in controversy. The name of C. W. Brewer is signed to the answers of the first two defendants named above, and Rossiter & Wright answered for said Oil & Gas Company, and at the commencement of the trial, Mr. Wright announced that "we appear for the Prairie Oil & Gas Company." The journal entry of judgment has the following recitation:

"Comes the defendant James M. Shults, by C. W. Brewer, his attorney, and comes D. Replogle, guardian aforesaid, by his attorney, C. W. Brewer, and comes the Prairie Oil & Gas Company by its attorneys, Rossiter & Wright."

The case-made and notice of settlement of case-made were served upon Attorney C. W. Brewer, who accepted service, signing his name, "C. W. Brewer, attorney for defendants," but the written suggestion of amendments made by him were signed by "C. W. Brewer, Atty. for James M. Shults and D. Replogle, guardian." Summons in error was not served upon the said Prairie Oil & Gas Company or any of their representatives. The Prairie Oil & Gas Company now files its motion to dismiss this appeal for the reasons that neither the case-made, notice of time and place of settlement of same, nor summons in error have been served upon it or waived by it. The trial court found that the said Prairie Oil & Gas Company was the owner of a valid oil and gas lease on the land in controversy. It deraigned its title thereto through its codefendant, James M. Shults. The court further found that the title to the land was in said Shults. The validity of its lease is dependent upon the validity of Shults' title, and it is therefore plainly apparent that a reversal of the judgment would materially affect the interest of the Prairie Oil & Gas Company. It was made a party in the trial court, and there set up its interest in the land, and the court found that it had a substantial interest therein, and it is certainly a necessary party to this appeal.

Appellant had actual notice that Rossiter & Wright were appearing for the Prairie Oil & Gas Company and Brewer for the other two defendants. The answers of the respective parties are so signed. One of the members of the firm of Rossiter & Wright made a verbal statement in open court that his firm appeared for the Prairie Oil & Gas Company, and the journal entry of judgment recites that fact, and it there-

fore follows that the service of the case-made, etc., upon C. W. Brewer was ineffective as far as the Prairie Oil & Gas Company was concerned.

For these reasons the appeal should be dismissed.

By the Court: it is so ordered.