## SMITH et al. v. WINSTON et al.

No. 8811—Opinion Filed Dec. 11, 1917.

(Syllabus.)

**Appeal and Error—Parties.**

On appeal to the Supreme Court, all parties to the judgment which it is sought to reverse whose interests will be affected by a reversal of the judgment must either join in the prosecution of an appeal, or be made parties defendant and be brought into this court by service of summons, when they do not voluntarily appear.

Thacker and Miley, JJ., dissenting.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action for partition by James R. Smith and others against Margaret F. Winston and others. Judgment in favor of defendant Margaret F. Winston, and plaintiffs bring error. Proceeding dismissed.

G. W. Barnett and Abernathy & Howell, for plaintiffs in error.

Thos. G. Andrews and Stanard, Wahl. & Ennis, for defendants in error.

HARDY, J.    Plaintiffs in error commenced this action in the superior court of Pottawatomie county against Margaret F. Winston and 22 other defendants by name, in addition to the unknown heirs of three deceased persons, seeking partition of certain real estate. The defendant Margaret F. Winston entered an appearance, and service was had upon all the other defendants by publication. Judgment was rendered in favor of defendant Margaret F. Winston, and plaintiffs in error bring the case here by transcript.    Counsel for Margaret F. Winston waive the issuance of service and summons in error, which waiver is signed by them as "Attorneys for Defendants in Error."

Motion is made to dismiss this proceeding because defendants in error other than Margaret F. Winston have not been made parties to this appeal by service of summons in error or entry of appearance by them. In support of this motion is filed the affidavit of C. H. Ennis, Esq., wherein said attorney states that he did not represent any of defendants in error except Margaret F. Winston, and had no authority to enter an appearance for them, nor did he intend to do so. No response has been made to this motion, nor have the facts set out in said affidavit been controverted.    Transcript shows that at all times during the proceedings said attorney together with his associate counsel appeared only for defendant Margaret F. Winston, and at no state of the record was any appearance made or pleadings filed by or in behalf of the other defendants in error. The mistake in the signature to the waiver of the summons in error and entry of appearance did not mislead plaintiff in error, and was not effectual to bring into court the other defendants in error. King v. Shults et al., 60 Okla. 218, 159 Pac. 1106. Therefore it follows that if they were necessary parties to this proceeding this case must be dismissed. Said defendants in error may have been satisfied with the judgment in favor of their codefendant Margaret F. Winston, but should the judgment in her favor be reversed and the cause remanded for a new trial, they might not be satisfied with a judgment in favor of plaintiffs in error, and in fact the evidence might disclose that they possessed rights superior to plaintiffs in error, and hence a reversal of the judgment in favor of defendant Margaret F. Winston would affect their rights, and might affect them adversely, and this being true, they were necessary parties, and because they are not made parties in the proceeding in this court, same must be dismissed. Hawkins et al. v. Hawkins et al., 35 Okla. 641, 130 Pac. 926; White Lumber Co. v. Beasley et al., 45 Okla. 771, 146 Pac. 1082; Bledsoe v. Means, 49 Okla. 268, 152 Pac. 394; Malone et al. v. Scott, 73 Oklahoma, 158 Pac. 606; Wade v. Hope & Killingsworth et al., 65 Okla. 69, 162 Pac. 742.

Chapter 219, Laws 1917, has no application here, because under an unbroken line of decisions in this state, where petition in error is not filed in this court for more than six months after the date of the final order sought to be reviewed, this court is without jurisdiction to entertain the appeal. The authorities announcing this rule are so numerous that citation thereof is unnecessary. In view of this rule, when plaintiffs in error failed to commence proceedings in this court against the defendants in error other than Margaret F. Winston within six months from the date of the final order sought to be reviewed, the court was without jurisdiction thereafter to entertain

such proceeding, and the right of plaintiffs in error to proceed against said defendant in error was barred, and by section 52, art. 5, Constitution (section 142, Williams' Annotated), the Legislature is denied the power to revive any right or remedy which may have become barred by lapse of time, or by any statute of this state. Had it been the intent of the Legislature to make this act applicable to actions of this kind, such intent would have been unavailing because of the prohibition contained in the section cited.

The proceeding is therefore dismissed.

All the Justices concur, except THACKER and MILEY, JJ., who dissent.