**SHEFFIELD et al. v. FOUNTAIN et al.**

No. 15097—Opinion Filed March 18, 1924.

(Syllabus.)

**1. Mandamus—Writ Discretionary.**

The writ of mandamus is a discretionary writ, and where it does not appear that the plaintiff has a clear legal right to the thing demanded, the writ should be denied.

**2. Same—Refusal of Writ.**

In awarding or denying writs of mandamus, courts exercise judicial discretion, and are governed by what seems necessary and proper to be done in the particular instance for the attainment of justice, and, in view of the consequences attendant upon the issuance of the writ, refuse the same, though the petitioner has a clear legal right for which mandamus is an appropriate remedy.

Error from District Court, Muskogee County; Enloe V. Vernor, Judge.

Action by J. H. Fountain and others against Joe Sheffield and others, composing Board of Union Graded School District No. 3 of Muskogee County. Judgment for plaintiffs, and defendants bring error. Reversed.

Ezra Brainerd, Jr., and Charles F. Gotwals, for plaintiffs in error.

O. H. P. Brewer and D. E. Herschelman, for defendants in error.

COCHRAN, J. The defendants in error commenced this action for the purpose of procuring a writ of mandamus to compel the school board of union graded district No. 3 of Muskogee county to maintain a school at Fowler's Chapel in said district for the remainder of the school year 1923-24. Upon a trial of the case on December 27, 1923, a peremptory writ of mandamus was issued commanding the school board of union graded district No. 3 of Muskogee county to immediately equip, open, and maintain Fowler's Chapel school and employ a teacher at a salary not to exceed $75 per month, to continue the same for three months beginning January 1, 1924. From the judgment so rendered, the school board has appealed.

Union graded district No. 3 of Muskogee county was organized several years ago, and embraces what were formerly designated as school districts 70 and 77. At the time the old district was disorganized and the union graded district No. 3 was organized, district No. 70 had one school building and maintained one school. District No. 77 had two school buildings and maintained two schools, one being located at Webbers Falls and the other at Fowler's Chapel. Since the organization of the union graded school district, a central school has been established and maintained at Webbers Falls for those pupils who have advanced beyond the 6th grade. This school was in addition to the school which already existed at Webbers Falls and which is still maintained. It does not appear from the record just when the union graded district was formed, neither does it appear whether after its formation locations for schools were designated at an annual meeting of the electors of the district. It does appear, however, that a school was main-

tained at Fowler's Chapel through the spring term of 1923, but in the fall of 1923 the school board of union graded district No. 3 did not open the Fowler's Chapel school, although the other schools which had been theretofore maintained were opened and maintained. The evidence shows that the school board did not maintain a school at Fowler's Chapel because the school of Webbers Falls was only two and one-half miles from the patrons who would have been served at the Fowler's Chapel school; that by reason of the small amount of taxable property in the union graded district and the fact that the district was burdened with the additional expense of the central school at Webbers Falls and also the desire to maintain this central school and two other schools for a full nine months period, instead of maintaining three schools in addition to the central school for a shorter period of time, and also because the building which had been used as a school house at Fowler's Chapel was considered to be in a dangerous and unsafe condition. It is the contention of the defendants in error that the board has no discretion in this matter and no authority to discontinue the school at Fowler's Chapel because of the following provision in section 10483, Comp. Stat. 1921, to wit:

"No schoolhouse shall ever be abolished, sold or removed except by a majority vote of the school electors living in the area included in the original district."

This portion of the statute has no application to the selection of places for holding school in the school district, but applies only to abolishing, selling, or removing schoolhouses which have been purchased by taxes levied on the property of that portion of the union graded district. The purpose of the statute was to prevent the sale or removal or destruction of such building unless authorized by a majority vote of the school electors living in the area which had been taxed for the purpose of erecting the building or which had authorized its purchase or construction in the first instance.

It is next insisted that the school board has no authority under the statute to discontinue a school, and that such authority rests only with the electors of the school district, to be exercised at the annual school meeting or a duly called special meeting. The statutes of Oklahoma do not give the school boards of union graded districts authority to discontinue schools, and such school board can exercise no other powers than those expressly granted by statute or necessarily implied from those granted, or such as may be necessary to carry out the orders of the school meeting. The authority to designate places for holding school and the authority to discontinue schools, after places have been designated in which to hold the same, rests with the electors of the school district and must be expressed at the annual meeting or a duly called special meeting. In the instant case it does not appear that Fowler's Chapel was ever designated as a place for holding school in union graded district No. 3 after its organization. The fact that a school had been maintained at that place prior to the organization of the union graded district did not require that the same should be continued at that place, and if no designation of school sites was made after the organization of the union graded school district, Fowler's Chapel would not be a regularly designated place for holding school in the union graded district. Section 10482, Comp. Stat. 1921, is in part as follows:

"The clerk of the said special meeting shall report to the county superintendent the result of the said special meeting, and if the organization of the proposed union graded district was authorized by majority vote of the legal voters at the said special meeting, the county superintendent shall declare the union graded school district duly formed and the original districts comprising the union graded school district disorganized, and he shall notify the members of the board of the union graded school district to qualify."

It is apparent that the union graded school district is a new municipality, having new boundaries, additional obligations, and new officers to manage it and, when organized, it becomes necessary for the electors of the district to designate the places for holding school in such district. Whether places for holding school were properly designated after the formation of the union graded school district, we are unable to tell from the record in this case. If the places were properly designated, the school board would have no authority to discontinue any such school without authority given at a school meeting, but if the places for holding school had not been designated, and if Fowler's Chapel had not been designated as a place for holding school, there was no duty or obligation on the part of the school board to maintain a school at that place. It has been uniformly held by this court that where it does not appear that the plaintiff has a clear right to the thing demanded, the writ of mandamus should be denied. Stearns v. Sims, 24 Okla. 623, 104 Pac. 44; McKee v. Adair County Election Board, 36 Okla. 258, 128 Pac. 294; Strother v. Bolen, 72 Oklahoma, 181 Pac. 299.

As the evidence in this case fails to show that Fowler's Chapel has been designated as a place for holding school in union graded district No. 3, it is our opinion that the writ should have been denied, as the plaintiffs

did not show a clear legal right to have the school maintained at Fowler's Chapel.

We are of the opinion that the writ should have been denied even though the petitioners had a clear legal right for which mandamus was the appropriate remedy, because the issuance of the writ would result in detriment and confusion and bring about great disorder in the school district. The testimony shows that contracts for all of the approved estimate have been made except for $185.77; that it would be necessary to refurnish and equip the building at Fowler's Chapel, purchase fuel, make repairs on the building and employ a teacher, and even then the school would have to be held in a building which is apparently unsafe. The annual school meeting for that school district was held in June, and the meeting of the school board to prepare the financial statement for the ensuing year was held on the second Tuesday in July, at which time it was necessary that an itemized statement of the amounts necessary for each department of the municipality be prepared, and published. The places for holding school and the length of school terms in the various places in the school district should have been provided for at the annual meeting in June, 1923, and the parties who are now complaining and who seek to mandamus the school board should have seen to it at that time that adequate provisions were made for maintaining the school at Fowler's Chapel. When the financial statement was published, these parties could have ascertained whether provision was made for funds to maintain the Fowler's Chapel school, and if not, steps could have been taken at that time to require that proper provision be made. No steps were taken by the parties complaining here, until in the fall of 1923, after the school board failed to open the school at Fowler's Chapel, and suit was not instituted until December 27, 1923, after the roads were in such condition that transportation to the school at Webbers Falls was difficult. In order to maintain a three months school at Fowler's Chapel it would be necessary to disarrange the entire school program of the district, to contact for a teacher beyond the approved estimate of the district, and to make expenditures for refurnishing and equipping the school beyond the approved estimate, and it is our opinion that the granting of the writ would introduce such confusion and disorder in the school district that it should not be granted. For the reasons stated, it is our opinion that the judgment of the trial court should be reversed, and the cause remanded, with directions to dismiss the plaintiff's petition.

JOHNSON, C. J., and NICHOLSON, HARRISON, and MASON, JJ., concur.