**BOARD OF ED., CITY OF GUTHRIE, v. EXCISE BOARD OF LOGAN CO. et al.**

No. 15086—Opinion Filed March 25, 1924.

(Syllabus.)

**1. Mandamus—Refusal of Writ.**
"A writ of mandamus will not be issued where it would work injustice or result in confusion and disorder."

**2. Same—Judgment Sustained.**
Record and evidence examined, and judgment found not to be against the clear weight of the evidence.

Error from District Court, Logan County; Chas. C. Smith, Judge.

Action by the Board of Education of City of Guthrie against Excise Board of Logan County. Judgment for defendant, and plaintiff brings error. Affirmed.

Lee Wheeler, for plaintiff in error.

Geo. W. Partridge, Co. Atty., for defendants in error.

HARRISON, J. This was an action by the board of education of the city of Guthrie, Logan county, Okla., against the excise board of said county for a writ of mandamus compelling said county excise board to levy a tax sufficient to meet the estimate or budget submitted by said board of education for the maintenance of separate schools in school district No. 60 of said Logan county. The budget or estimate submitted by the board of education aggregated $37,517, but such budget or estimate was reduced by the county excise board to $33,017, a reduction of $4,500, and a levy was made for said sum of $33,017 and certified to the county clerk, whose duty it was to make up the tax rolls pursuant to levies made by the county excise board. And upon the refusal of the county excise board to make a levy sufficient to meet the estimate made by the board of education, this action was begun in the district court for mandamus to compel the excise board to do so.

Upon the pleadings and the evidence the district court refused to issue the writ applied for, in an order, journal entry of which is as follows:

"It appears that the plaintiff is clearly entitled to the relief asked for, but that if the court would order the relief at this time, it would result in great disorder and confusion with the county assessor and county treasurer, and for that reason the relief is denied."

The only question involved is conceded by plaintiff in error in the following language in its brief, to wit:

"This record and appeal does not involve any new question of law particularly, except the question of when a writ of mandamus ought not to issue where it would work injustice or result in confusion and disorder."

It is apparent from the foregoing journal entry of the court's order and from the foregoing statement in plaintiff in error's brief that the only grounds for denial of the application for writ of mandamus was that it would result in great disorder and confusion among the county officers who prepare the tax rolls and collect the taxes, some of the tax rolls at the time of this trial being then in the hands of the county treasurer and a material portion of the taxes having been collected

This question was specifically passed upon by this court in the following language, to wit:

"A writ of mandamus will not be issued where it would work injustice or result in confusion and disorder." Board of Education of Guthrie v. County Excise Board, 96 Okla. 24, 206 Pac. 517.

This being a special proceeding invoking the equity powers of the court, we have examined the record and read the evidence and from such examination we are of the opinion that the order of the trial court is not against the clear weight of the evidence.

Judgment affirmed.

JOHNSON, C. J., and NICHOLSON, MASON, and WARREN, JJ., concur.