**FEUQUAY et al. v. McALISTER, Sec'y of State Election Board.**

No. 15477—Opinion Filed July 22, 1924.

(Syllabus.)

**1. Mandamus — Nature of Proceeding.**

(a) In the very nature of a writ of mandamus, it is a proceeding to compel some one to perform some duty which the law imposes upon him.

(b) Under our Code of Civil Procedure, mandamus is a special proceeding addressing itself to the equity powers and conscience of a court or judge, for the enforcement of a clear legal right, for which the law provides no adequate proceeding.

**2. Same—Necessary Showing for Writ.**

In a proceeding for writ of mandamus, unless plaintiff shows himself clearly entitled to the relief sought by such writ, the writ will be refused.

**3. Same — Lack of Showing — Filling Vacancy in Office of Lieutenant Governor.**

Record examined, and held, that plaintiffs have failed to show any legal authority for filling a vacancy in the office of Lieutenant Governor, by an election for the residue of a term, and failed to show any legal right to the relief sought.

Original Action for Writ of Mandamus.

Mandamus by Courtland M. Feuquay and another against W. C. McAlister, Secretary

of State Election Board. Writ denied.

Ward Goble and Moss & Stephens, for plaintiffs.

Geo. F. Short, Atty. Gen., and John Barry, Asst. Atty. Gen., for defendant.

W. A. Ledbetter, amicus curiae.

HARRISON. J. This is an original action in this court by Courtland M. Feuquay and Homer S. Hurst, wherein, to use their language:

"Plaintiffs pray that an alternative writ of mandamus issue to the defendant upon the hearing of the merits of this action and that the defendant be ordered by this court to receive and accept the filings of these plaintiffs and cause these plaintiffs' names to be placed upon the ballot of the Democratic primary as candidates for the Democratic nomination for the office of Lieutenant Governor of the state of Oklahoma."

Plaintiffs allege that in October, 1923, a vacancy in the office of Governor was caused by the impeachment and removal of J. C. Walton, then Governor of the state, and that as a result of such vacancy, the office of Governor together with its duties, powers, and compensation devolved, under the Constitution, upon the Lieutenant Governor; that the Lieutenant Governor, in law and in fact. thereby became Governor, and thereby created a vacancy in the office of Lieutenant Governor, and, upon the theory that a vacancy now exists in the office of Lieutenant Governor, and upon the fact that a general election is to be held in the state in November, plaintiffs allege their right to become candidates, for the Democratic nomination of a candidate, to fill such vacancy in the office of Lieutenant Governor for the residue of the term, at the forthcoming general election.

The case has been briefed by Ward Goble, attorney for plaintiffs, and by Moss & Stephens, attorneys for plaintiffs, and by the Attorney General, Geo. F. Short. and John Barry, Assistant Attorney General, for the defendant. In addition to these briefs. a brief amicus curiae has been filed by W. A. Ledbetter of the Oklahoma City bar.

The substance and effect of plaintiffs' contention is that when the office of Governor became vacant, the duties. powers, and emoluments of the Governor's office thereupon devolved upon the Lieutenant Governor, and that he thereupon became Governor, thus filling the vacancy in the Governor's office, and creating a vacancy in the Lieutenant Governor's office; in other words, that by filling the vacancy in the Governor's office. he thereby created a vacancy in the Lieutenant Governor's office.

On the other hand, it is contended by the defendant that by reason of the vacancy in the office of Governor, the duties, powers, and compensation merely descended, devolved, under the law, upon the Lieutenant Governor for the residue of the term; that he merely performed the functions of the Governor. by virtue of his being Lieutenant Governor, and by virtue of express provisions of the Constitution, which place such duties upon the Lieutenant Governor and authorize him and make it his duty to discharge same, and that the vacancy in the office of Governor is not thereby filled, nor a vacancy in the office of Lieuenant Governor thereby created.

In other words, the substance of defendant's contention is that the functions, duties, and powers of the Governor's office are discharged by the Lieutenant Governor, as acting Governor, but that he does not become the Governor in the sense that he fills the vacancy created by the removal of the Governor, nor does he vacate the office of Lieutenant Governor by having the duties of the Governor's office placed upon him; and upon such theory denies that plaintiffs, or either of them, have a legal right to become candidates for, or, in the event of the election of either, to become Lieutenant Governor.

These two divergent theories result from different constructions of section 15 and section 16, art. 6. of the Constitution of Oklahoma. It is around these two sections that the controversy is waged, and upon the respective constructions of such sections that their respective claims are based. Said section 15 reads as follows:

Section 15. "The Lieutenant Governor shall possess the same qualifications of eligibility for office as the Governor. He shall be president of the Senate, but shall have only a casting vote therein, and also in joint vote of both houses. If, during a vacancy of the office of Governor, the Lieutenant Governor shall be impeached displaced, resign, die or be absent from the state. or become incapable of performing the duties of the office, the president, pro tempore. of the Senate shall act as Governor until the vacancy be filled or the disability shall cease: and if the president, pro tempore, of the Senate. for any of the above enumerated causes, shall become incapable of performing the duties pertaining to the office of Governor, the Speaker of the House of Representatives shall act as Governor until the vacancy be filled or the disability shall cease. Further provisions for succession to the office of Governor shall be prescribed by law."

And said section 16, reads as follows:

Section 16. "In case of impeachment of the Governor, or of his death, failure to qualify, resignation, removal from the state, or inability to discharge the powers and duties of the office, the said office, with its compensation, shall devolve upon the Lieutenant Governor for the residue of the term or until the disability shall be removed."

As we view the case in its entirety, the rights to which plaintiffs allege themselves entitled are not determined by the adoption of either theory presented in the briefs. It is immaterial to a determination of the rights prayed for by plaintiffs whether the vacancy which the conditions present be in the office of Governor or in the office of Lieutenant Governor. Neither the authority of the Governor nor Lieutenant Governor is questioned here, nor is the validity of any act of either an issue herein, therefore it is unnecessary, and we think improper in this case, for this court to decide whether such vacancy exists in the one office or in the other, unnecessary to decide whether the theory of plaintiffs or theory of defendant is correct, for if this court were of the opinion, and were to decide, that a vacancy exists in the office of Lieutenant Governor, still plaintiffs would not even then be entitled to a writ of mandamus, unless they show a clear legal right to fill such vacancy by an election. This the plaintiffs have failed to do; they have failed wholly to show that either the plaintiffs or the public has a clear legal right to have such vacancy filled by an election.

Although the controversy between the parties hereto is waged around the provisions of the foregoing sections 15 and 16 of art. 6 of the Constitution, and although each party bases his contention upon his construction of such sections, yet it must be borne in mind that this is an action for a writ of mandamus and that such writ will not issue unless plaintiffs clearly show themselves entitled to the relief sought as a clear legal right.

In the very nature of the writ, in its original ancient conception, it was a proceeding to compel some one to perform some duty which the law imposed upon him.

Under our Code of Civil Procedure, mandamus is a special proceeding addressing itself to the equity powers and conscience of the court or judge for the enforcement of a clear legal right, for which the law provides no adequate proceeding.

Beginning in 1899 with Huddleston v. Board of Com'rs, 8 Okla. 614, 58 Pac. 749,

through many decisions by this court, down to the latest clear expression on the subject, this court has consistently observed and followed the doctrine that unless a plaintiff shows himself entitled to a clear legal right, a writ of mandamus will be refused. Stearns v. Sims, 24 Okla. 623, 104 Pac. 44; State ex rel. Shepard v. Crouch, 31 Okla. 206, 120 Pac. 915; McKee v. Election Board, 36 Okla. 258, 128 Pac. 294; Strother v. Bolen, 72 Okla. 310, 181 Pac. 299; Sheffield v. Fountain, 101 Okla. 168, 224 Pac. 339. For other decisions and texts see 18 R. C. L., page 128, and authorities cited in notes.

Therefore, if it were true as a matter of law that a vacancy now exists in the office of Lieutenant Governor, plaintiffs have failed to show any legal right or legal authority for filling such vacancy for the residue of the term by an election.

For these reasons, the writ is denied.

NICHOLSON, BRANSON, WARREN, and LYDICK, JJ., concur.