## HARRIS v. BOGGESS.

No. 16360—Opinion Filed July 14, 1925.

(Syllabus.)

**1. Quo Warranto — Premature Action Against Defendant not in Possession of Office.**

Quo warranto, or a proceeding in the nature thereof, lies only against one who is in the possession and user of the office, and not against one who merely lays claim to the office, or has never been admitted thereto, and where suit is brought prior to the time when the defendant, under the law, was entitled to possession thereof, such action was prematurely brought.

**2. Right of Remedy—Statutes.**

By virtue of section 52 article 5, Constitution of Oklahoma, the Legislature is inhibited from destroying any existing defense to a suit brought prior to the time of such legislative enactment.

Error from District Court, Washington County; H. C. Farrell, Judge.

Action by Frank Harris against R. E. Boggess. Judgment for defendant, and plaintiff brings error. Affirmed.

Norman Barker and A. F. Vandeventer, for plaintiff in error.

H. H. Montgomery, for defendant in error.

LESTER, J. The parties will be referred to as they appeared in the court below.

The plaintiff was the Democratic nominee for the office of county commissioner of district No. 3, Washington county, Okla. The defendant was an opposing candidate on the Republican ticket. An election was held on the 4th day of November, 1924, and certificate of election was thereafter issued to the defendant by the county election board. The plaintiff, on the 11th day of December, 1924, filed suit against the defendant in which he alleged that he had received a greater number of legal votes than the defendant, and asked that he be decreed title to said office with the right to hold, occupy, enjoy, and exercise the powers and prerogatives of such office for the full term thereof. The defendant filed an answer in which he set up that the petition of the defendant did not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant.

On the 3rd day of March, 1925, the defendant filed a motion to dismiss plaintiff's petition, for the reason that the action was in the nature of quo warranto and was prematurely brought by the plaintiff and that

said action was begun long prior to the taking possession of the office, and long prior to the time that defendant was in possession and user of said office. On the 23rd day of March, 1925, the defendant's motion to dismiss was sustained by the court, from which action of the court plaintiff prosecutes this appeal.

Plaintiff insists that the court erred in dismissing plaintiff's petition on account of the same being prematurely filed and after the defendant had filed his answer. Under section 459, Comp. Stat. 1921, this is an action in the nature of quo warranto; it is an action to try title to office. This doctrine is announced in McKee v. Adair County Election Board, 36 Okla. 258, 128 Pac. 294. As is shown by the record, during the progress of introduction of evidence by the plaintiff, the defendant filed his motion asking that the action be dismissed because the same was prematurely brought, and that at the time the court had no jurisdiction to hear and determine the action. Under the law of the state of Oklahoma, defendant could not take possession of the office of county commissioner until the first day of July, 1925. At the time of the trial of course the defendant was not in possession or user of the office. This action could not be maintained until the defendant was inducted into office, and was in the actual possession and user thereof.

"In order to maintain a proceeding by quo waranto to try the right to public office, it must appear that the respondent is in actual possession of the office." (32 Cyc. 1423.)

"Proceedings to try title to a public office cannot be brought before the term of the office commences." (32 Cyc. 1432.)

"Quo warranto, or a proceeding in the nature thereof, lies only against one who is in the possession and user of the office, and not against one who merely lays claim to the office, or has not been admitted thereto." (1 A. L. R. 177; also, 17 Enc. Plead. & Pr. 407.)

"The position of a person who has a right to claim an office, but has not assumed it, is in no sense an incumbency, and it is well established that quo warranto or a proceeding in the nature thereof lies only against one who is in the possession and user of the office, and not against one who merely lays claim to the office, or who has never been admitted thereto. Quo warranto will not lie before the beginning of the term of office." (22 R. C. L. 663.)

In the case of Reader v. Farris, 49 Okla. 459, 153 Pac. 678, this court has completely and definitely settled the law on this question. The opinion in this case was written by Chief Justice Kane, and the first paragraph of the syllabus is as follows:

"Quo warranto—Right of Action—Possession of Office. Quo warranto, or a proceeding in the nature thereof, lies only against one who is in the possession and user of the office, and not against one who merely lays claim to the office, or has never been admitted thereto."

In this case the suit was brought for the purpose of trying title to the office of sheriff of McClain county. In this action the person elected as sheriff could not be inducted into office until the first Monday in January, and this suit was instituted in the preceding December. This court not only held that the action could not be maintained because prematurely brought, but held that the filing of a supplemental petition after the contestee had taken office would not cure the fatal defect and would not permit the maintenance of the action.

Plaintiff also urges that the motion to dismiss by defendant should not have been sustained for the reason that issues had been joined and that the trial of the action had actually commenced and that the defendant had thereby waived his right to the jurisdiction of the court. In the case of Fehr v. Black Petroleum Corporation, 103 Okla. 241, 229 Pac. 1048, the court uses the following language on this subject:

"The question of the jurisdiction of the court over the subject-matter of the action is properly raised by motion to dismiss for want of jurisdiction; and even in the absence of such a motion it is the bounden duty of the court to examine into its jurisdiction, whether raised by any party or not, and sua sponte to determine its own jurisdiction."

We are of the opinion that the court committed no error in sustaining the motion of defendant to dismiss said action.

Plaintiff contends that if the action was prematurely brought, that under and by virtue of S. B. 395, ch. 96, S. L. 1925, page 145, plaintiff had a right to maintain his action. Said act provides in part as follows:

"The writ of quo warranto, and proceedings by information in the nature of quo warranto, are abolished and the remedies heretofore obtainable in those forms may be had by civil action; provided, that such cause of action may be instituted and maintained by the contestant for such office at any time after the issuance of the certificate of election by the state, county, township, or city election boards, and before the expiration of thirty days after such official

is inducted into office; provided, further, that all suits now pending, contesting such elections, shall not be dismissed because of the prematurity as to time of their commencement, which shall be deemed valid and timely, if commenced after the issuance of the election certificate or after twenty days after the result of said election having been declared by such election board; and provided, further, that this act shall not apply to primary election."

This act was approved April 9, 1925; judgment on the motion to dismiss said action was rendered by the trial court on March 23, 1925, and this appeal is brought to reverse the action of the trial court on a judgment rendered long prior to the time when said act became effective. Section 52, art. 5 of the Constitution of Oklahoma is as follows:

"The Legislature shall have no power to revive any right or remedy which may have become barred by lapse of time, or by any statute of this state. After suit has been commenced on any cause of action, the Legislature shall have no power to take away such cause of action, or destroy any existing defense to such suit."

This section was construed in the case of Smith v. Winston, 67 Okla. 133, 170 Pac. 503.

In Atchison, Topeka & Santa Fe Ry. Co. v. Eldredge, 67 Okla. 110, 169 Pac. 1071, the second paragraph of the syllabus is as follows:

"By section 52, art. 5, of the Constitution, the Legislature is denied the power to take away a cause of action after suit is commenced thereon, or to destroy any existing defense to such suit."

We are of the opinion that the Legislature could not substitute defense to a suit which had already commenced prior to the legislative enactment. It was the intention of the makers of the Constitution to prohibit this character of legislation, and we therefore hold, so far as the terms of the act of the Legislature relating to a suit already commenced, that the same is unconstitutional and void. To hold otherwise would be to create and anomalous condition. The cause was appealed from alleged error of law committed by the trial court, and the effect of the contention made by plaintiff would be that the trial court did not have jurisdiction of the cause at the time judgment was rendered and was therefore correct in so holding, but that after the case is appealed to this court, by reason of such legislative act, this court should now reverse the trial court for error of law, for the reason that the Legislature has, since said judgment, changed the law; this contention can-

not be sustained by force of reason or authority of law. The judgment of the trial court is affirmed.

NICHOLSON. C. J., and HARRISON, MASON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See, under (1) 32 Cyc. pp. 1423, 1432; 22 R. C. L. p. 664, 3 R. C. L. Supp. p. 1278. (2) 12 C. J. p. 973, § 553.