## HERNDON v. EXCISE BOARD OF GARFIELD COUNTY et al.

No. 21855. Opinion Filed Jan. 20, 1931.

W. E. Crowe, H. J. Sturgis, C. F. Dyer, Van W. Stewart, and W. H. Hills, for plaintiff in error.

Dan Mitchell, Co. Atty., and A. L. Zinser, Asst. Co. Atty., for defendants in error.

RILEY, J. This appeal is from a judgment denying mandamus. The writ was sought to compel the excise board to approve an item in the estimate or appropriation, of $6,350, duly submitted for salary and expense of a city court of Enid, Okla., said to

have been created by section 4691, et seq., C. O. S. 1921. F. W. Herndon maintained that he was the duly appointed and qualified judge of said court and under authority of Board of Ed. of City of Guthrie v. Excise Board of Logan County, 86 Okla. 24, 206 Pac. 517, asserted that mandamus would lie to compel the making of a levy provided by law.

On the other hand, the contention of the county attorney below and on appeal is that (1) no law exists authorizing said court, in that section 4691, et seq., supra, was repealed by the enactment of section 4671, C. O. S. 1921, and (2) even though section 4691, et seq., supra, be adjudged in force and effect authorizing the court, that by its terms the existence of such court is limited to cities having a population of more than 25,000 and less than 55,000 inhabitants as shown by the last federal census, whereas the 14th census showed Enid to be less than the population required and the 15th census is not complete nor officially declared. In other words, the defendants denied that the city of Enid "now has, or at the time alleged in plaintiff's petition, a population of more than 25.000 and less than 55,000 people as shown by the last federal census."

Proof was made that, on May 3, 1930, a preliminary announcement of the census of Enid was made by Ray O. Smith, supervisor of the census of the district embraced, showing a preliminary count of 26,331, and containing the notice that "These figures are preliminary and subject to correction." This announcement was authorized by regulations promulgated by the Director of the Census providing for the filing of same with the Director of the Census at Washington, D. C., local officials, etc., and for the purpose of a future, final, correct determination of the census.

Two days after this action was filed the following certificate of the Director of the Census was made:

"Department of Commerce,
"Bureau of the Census.
"Washington, September 22, 1930.

"I hereby certify that according to the official preliminary count of the return of the 15th census of the United States on file in the Bureau of the Census, the population of the city of Enid, county of Garfield, state of Oklahoma, taken as of April 1, 1930, is twenty-six thousand three hundred, ninety-eight (26,398).

"W. M. Stewart,
"Director of the Census."

The Act of Congress, June 18, 1929, providing for the 15th census and subsequent decennial censuses, contains no specific provision with reference to the time of final announcement of the same, nor as to the time the same shall become effective. The Act of March 6, 1902, authorizes preliminary announcements. Vol. 5, U. S. Comp. Stats. 1916, par. 4414:

"The Director of the Census is authorized and directed to have printed, published and distributed, from time to time, bulletins and reports of the preliminary and other results of the various investigations authorized by law. * * *"

Section 13, Act of Congress, June 18, 1929, so provides:

"That he is further authorized to have printed by the public printer, * * * preliminary and other census bulletins and final reports of the result of the several investigations," etc.

The last Act of Congress, in section 5 thereof, provides that:

"Each supervisor shall perform such duties as may be imposed upon him by the Director of the Census in the enforcement of this chapter," etc.

Thus it follows that the supervisor was clothed with authority to perform the duties imposed upon him by the Director of the Census, one of which duties was the preliminary announcement of the census involved in the case at bar. So, then, the preliminary announcement of May 3, 1930, was an official announcement of the census of Enid; moreover, the certificate of the Director of the Census, dated September 22, 1930, showing a population of 26,398, was official even if not final. It follows that the city of Enid fell into the classification contained in section 4691, C. O. S. 1921, providing for said court.

Two Oklahoma decisions are cited as bearing upon the effectiveness of creative acts of the Legislature. In each of the cases the acts were held effective on the date the required census was officially made known by the United States Census Bureau. Apparently no consideration or differentiation is had between a preliminary announcement and a final one. State ex rel. Brennan v. Shelton, 27 Okla. 322, 111 Pac. 545; State ex rel. West, Atty. Gen., v. Breckinridge, 34 Okla. 649, 126 Pac. 806.

The case of Holcomb v. Spikes (Tex. Civ. App.) 232 S. W. 891, involves the point. Therein it was held:

"The national census which determines whether a county shall elect a tax collector under the Constitution, article 8, section 16,

is so much of the last national census relating to the population of that county as had been completed and ready to be officially published."

And further:

"Since Act of Congress March 3, 1919, providing for the 14th and subsequent decennial censuses, did not expressly provide for the official promulgation of the results of the censuses, and did not expressly repeal Act of March 6, 1902 (C. St. sec. 4414), authorizing the Director of the Census to publish and distribute bulletins and reports of the results of the various investigations by him, the issuance of a bulletin by the Director of the Census stating the population of a particular county is the completion of the census as to that county, of which official notice can be taken in determining whether the county has a population entitling it to elect a tax collector."

And in the decision, as reflected by the 5th paragraph of the syllabus, it was by that court held that the certificate that the bulletin showing the census was subject to correction did not prevent its being complete or prevent official notice being taken of the population as therein stated.

The case of Childers v. Duvall, 69 Ark. 336, 63 S. W. 802, and others hold that until the law authorized announcement of the enumeration of the census, no official notice of it could be taken. But herein we have seen the law authorized the announcement as made. The result is that when such bulletins are so publicly filed and distributed, they then become an official pronouncement under the law, of which the public and all officials may take notice. Nelson v. Edwards, 55 Tex. 389, so holds.

The case of State v. Braskamp, 87 Iowa, 588, 54 N. W. 532, wherein the act providing for the federal census of 1890 was considered, and wherein it was not provided when the census should be considered as complete, or at what time official notice thereof began, and in which case the selection of a particular number to comprise a grand jury was dependent upon the census applicable, is in accord with our view. State v. Marion Co., 128 Mo. 427, 30 S. W. 103.

We conclude that when the announcement was made, it was official, and that officials who were required to act in reference to the population therein stated should be guided thereby.

Having determined the applicability of the census, we now consider the statute sought to be invoked thereby. It is section 4691

et seq., C. O. S. 1921, appearing as article 15, ch. 29, C. O. S. 1921. This act provided for a city court in cities having a population of more than 25,000 and less than 55,000, "as shown by the last federal census or any federal census hereafter," and provides the jurisdiction of such court and its procedure. This act was passed in 1917 (chapter 113, p. 226, S. L. 1917).

In 1919, the Legislature passed chapter 207, S. L. 1919, p. 377, also appearing as sections 4671 to 4684, inclusive, C. O. S. 1921, which act creates a municipal court in cities having not less than 10,000 inhabitants in counties of not less than 43,000 nor more than 47,000 inhabitants, as shown by the last decennial federal census. Such latter court has the same jurisdiction as the former, except that the municipal court has jurisdiction of violations of city ordinances, which jurisdiction (violation of city ordinances) was possessed by the former or city court originally, but which court (city) lost it by amendment in 1923 (S. L. 1923, p. 307, c. 180).

The municipal court act of 1919, by its terms (sec. 15), repealed "all acts and parts of acts in conflict" therewith.

It appears in the record in the case at bar (C.-M. p. 25) that an official announcement of the population of Garfield county was 46,500, and it is admitted in the record that the census as announced for Garfield county for the year 1930 does not exceed 47,000, and is not less than 43,000, and it is in evidence that the city of Enid has a population of more than 10,000, as shown by the last federal census, all of which places Enid within the terms of the municipal court act of 1919, supra.

It is not likely that it was intended by the Legislature, nor desired by the people affected, that the city of Enid should have two courts, one styled "municipal court of the city of Enid" and the other "city court of the city of Enid," and each exercising similar jurisdictions. Yet Enid comes within the provisions of both acts. The result is that both courts are established or the latter act repealed the former. No one contends there is necessity for both courts. Repeals, by implication are not favored by the courts. It is not necessary that we adjudicate a repeal of the city court act in this action, and we decline to do so, for the reason that it is unnecessary for our conclusion, as more clearly appears in the following established principle.

Mandamus will not be awarded unless the

proponents establish a clear legal right. Oklahoma County Excise Board v. Okla. Co. Sch. Dist., 31 Okla. 553, 122 Pac. 520, Ann. Cas. 1913E, 369; 38 C. J. 549. From the foregoing it appears that the right is not clear; consequently, the judgment below, though based upon the former proposition, will be affirmed upon the latter.

"Where the issue of the writ would disturb official action, or create disorder or confusion, it may be denied, and this is so even where the petitioner has a clear legal right for which mandamus would be an appropriate remedy." 38 C. J. 550; Sheffield v. Fountain, 101 Okla. 168, 224 Pac. 339; Guthrie Bd. of Educ. v. Logan Co., 101 Okla. 225, 224 Pac. 508; Guthrie Bd. of Educ. v. Excise Board, 96 Okla. 24, 206 Pac. 317; Oklahoma Co. Bd. of Excise v. Okla. Co. Sch. Dist., supra, Ann. Cas. 1913E, 369; McKee v. Adair Elec. Bd., 36 Okla. 258, 128 Pac. 294; State v. Crouch, 31 Okla. 206, 120 Pac. 915; Higgins v. Brown, 20 Okla. 355, 94 Pac. 703.

Mandamus will not issue to enforce a right to which a substantial doubt exists.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur.

Note.—See under (1) 15 R. C. L. p. 1179; R. C. L. Perm. Supp. p. 4047; R. C. L. Continuing Perm. Supp. p. 644. (2) 18 R. C. L. p. 128; R. C. L. Perm. Supp. p. 4418; R. C. L. Continuing Perm. Supp. p. 726.