**STATE ex rel. Baker WALL, County Judge, Plaintiff in Error,**

v.

**Roy HOLDER, J. C. Rogers, Dan Sharp, Members of the Excise Board of Sequoyah County, Oklahoma, and R. C. Williams, W. H. Morgan, M. G. Fink, Members of the Board of County Commissioners of Sequoyah County, Oklahoma, Defendants In Error.**

No. 36477.

Supreme Court of Oklahoma.

Feb. 8, 1955.

of Sequoyah County to have allowed and made effective his estimate of needs for the fiscal year ending June 30, 1954. On August 10, 1953, the Board of County Commissioners filed in the office of the County Clerk and approved the estimate of the County Judge of Sequoyah County:

| | |
|---|---|
| Salaries | $3,381.05 |
| Wages, Court Reporter | 2,907.84 |
| Travel, County Judge | 50.00 |
| Transportation of wards of court | 494.00 |
| Equipment | 200.00 |
| Jury Fees | 60.00 |
| Expense, mental health hearings | 1,140.00 |
| Female Attendant for female patients | 50.00 |
| For Crippled Children budget account | none. |

On the same date the Excise Board allowed the salary of the County Judge, and $21.50 for the maintenance of his office.

This action was brought against the Board of County Commissioners and the Excise Board to enforce the terms of the estimate made by the County Judge which is identical with the estimate allowed by the Board of County Commissioners with the exception of a provision for a levy of one-fifth of one mill for aid to crippled children.

The allegations of the petition are that the estimated needs are within the revenues and appropriations made, and there is no contest that the estimate is not within the revenue provided.

In Little v. County Excise Board of Marshall County, 161 Okl. 40, 16 P.2d 1080, 1082, it is stated:

"Under the provisions of section 6, article 2 of the Constitution, the courts of justice of the state shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation, and, under the provisions of section 19, article 2 of the Constitution, the right of trial by jury shall be and remain inviolate. The proposed action of the excise board is in contravention of those provisions, and, if no appropriation is made for the items in

J. Fred Green, Sallisaw, for plaintiff in error.

Fred Campbell, Jr., Sallisaw, for defendant in error.

WELCH, Justice.

This action was brought by the State of Oklahoma on relation of the County Judge

question, the courts of the county may not remain open as the Constitution requires. For that reason the excise board was not authorized to strike the items in question or to refuse to make appropriations therefor. * * *"

County courts are created by the Constitution and as long as the constitutional provision remains it is the duty of the proper officials to see that the estimated needs within the law are provided.

In protest of Kansas City Southern Ry. Co., 157 Okl. 246, 11 P.2d 500, 508, it is stated:

"As stated in the Smart[t] Case [Smartt v. Board of Com'rs of Craig County] (67 Okl. 141, 169 P. 1101 [L.R.A. 1918C, 313]), the Legislature may not establish a system which will '* * * depend upon the whim and caprice of certain local officials who might, by failing and refusing to make proper provision therefor, render it impossible to secure an enforcement of such laws by the officers charged with the duty of so doing.'"

The County Commissioners of Sequoyah County in the case under consideration recognized the estimated needs properly presented, caused them to be duly published according to law, approved and filed them in the office of the county clerk. We hold that it was the duty of the Excise Board of Sequoyah County to allow the estimate as published, approved and filed. In Protest of Kansas City Southern Ry. Co., supra, it is stated that it is not only the duty of the taxing officials to make the appropriation in the order requested in the estimated needs, but they may be required by mandamus to do so.

Petitioner also argues that the Board of County Commissioners and the Excise Board of Sequoyah County erred in eliminating entirely from the estimated needs provision for crippled children. We agree. Under the provisions of 10 O.S. 1951, § 172.13 it is the mandatory duty to provide for crippled children and to levy one-fifth mill for such purpose.

We have discussed the duties of the Board of County Commissioners and the Excise Board thereof in relation to the issue presented with the assumption that since this is a public question the officials of Sequoyah County in good faith desire to know the proper steps to be taken in allowing the estimate presented by the County Judge.

Here there has been long delay in perfecting the appeal, necessarily occasioned by the action of the trial court in refusing the writ in the first instance, the fiscal year has lapsed and we are impressed with the rule announced and followed in former decisions to the effect that:

"Where the issue of the writ would disturb official action, or create disorder or confusion, it may be denied; and this is true even where the petitioner has a clear legal right for which mandamus would be an appropriate remedy." 38 C.J. 550; 55 C.J.S., Mandamus, § 10.

On this rule see State ex rel. Dawson v. Dinwiddie, 186 Okl. 63, 95 P.2d 867, Herndon v. Excise Board of Garfield County, 147 Okl. 126, 295 P. 223, and cases there cited. For the reasons stated the writ should not issue at this time, and for that reason the trial court judgment denying the writ is affirmed.

However, our determination of the issues is contrary to the conclusion of the trial court and in favor of the contentions of the plaintiff in error. Therefore the court costs should be charged to and paid by the defendants in error and it is so decided and ordered; such judgment for court costs to be entered of record in the trial court and there enforced in the usual manner.