STATE *ex rel.* SHEPARD, *Treasurer of School Dist. No. 22,* *Seminole County,* v. CROUCH, *County Treasurer.*

No. 1325.    Opinion Filed January 9, 1912.

(120 Pac. 915.)

1.  **MANDAMUS—Discretion of Court—Denial of Writ.** The writ of mandamus is a discretionary writ; and where it does not appear that plaintiff has a clear legal right to the thing demanded, and where his claim thereto is substantially doubtful, the denial thereof is not error.

2.  **MANDAMUS—Mandamus to County Treasurer—Denial of Writ —Doubt as to Right.** S., claiming to be treasurer of a school district, presented for payment to G., county treasurer, a warrant for school district funds in his hands, on which payment was denied for the reason that L. G. was claiming to be the duly elected treasurer, and was at the time recognized as such by the director and clerk of said district. S. thereupon brought mandamus to compel the payment of the funds by the treasurer to him. The writ was by the trial court denied. **Held** not error.

3.  **MANDAMUS—When Lies—Title to Office.** When the question of the right or title to an office is put in issue, mandamus is not the form of action, the appropriate remedy being an action in the nature of a quo warranto; nor will mandamus lie, when two persons claim the same duty adversely to each other, against a third party.

(Syllabus by the Court.)

*Error from District Court, Seminole County;* *Robert M. Rainey, Judge.*

Application by the State, on the relation of J. E. Shepard, Treasurer of School District No. 22, Seminole County, for a writ of mandamus to G. S. Crouch, Treasurer of Seminole County, Application denied, and relator brings error. Affirmed.

*E. D. Wolfe* and *N. A. Gibson,* for plaintiff in error.

*Willmott & Wilhoit* and *Crump, Rogers & Harris,* for defendant in error:

DUNN, J.   This case presents error from the district court of Seminole county, and was brought by plaintiff in error, J. E.

Shepard, who in his petition represents himself to be the treasurer of school district No. 22 of said county, against the defendant in error, G. S. Crouch, treasurer of Seminole county, to compel the payment to him as such treasurer of the school district a warrant issued by the county clerk of said county, and duly certified by the superintendent of public instruction. On the refusal of the treasurer to pay the warrant, plaintiff brought mandamus, and, in response to an alternative writ issued, the treasurer answered, denying that the relator was the duly elected or qualified treasurer of the said school district, and averred that at the time of the presentation of the said warrant for payment respondent knew that Charles Le Graves was in possession of all records, papers, and books and vouchers of the office of treasurer of said school district, and was claiming to be the duly elected treasurer, and was acting and is still acting as such treasurer, and was at that time, and is now, recognized as such treasurer by the director and clerk of the said district. On the trial the court discharged the alternative writ and refused the peremptory writ, and relator has duly lodged the cause in this court for review.

A great many questions are presented and argued by counsel for the respective parties, but in our judgment the conclusion reached by the trial court should not be disturbed, for the reason that the writ demanded is a discretionary one, and, in order to entitle relator thereto, he must show that there is vested in him a clear legal right to the thing demanded which it must be the imperative duty of respondent to perform, and, if the right or obligation is substantially doubtful, a denial of the issuance of the writ will not be reversed on appeal. 19 Am. & Eng. Ency. of Law, 725; *Stearns, Mayor, v. Sims*, 24 Okla. 623, 104 Pac. 44, 24 L. R. A. (N. S.) 475; Merrill on Mandamus, sec. 1432; *Fowler et al. v. Brooks et al.*, 188 Mass. 64, 74 N. E. 291, 3 Am. & Eng. Ann. Cas. 173; *Brown v. Turner et al.*, 70 N. C. 93.

The case of *Brown v. Turner et al.*, supra, was one wherein a party, alleging he had been duly appointed public printer, sought a writ of mandamus requiring the Secretary of State to deliver to him the public laws, to the end that he might print the same, and

praying that the said official be restrained from delivering the same to another person, likewise claiming to be the public printer. It was held in the syllabus of that case that:

"When the question of the right of title to an office is put in issue, mandamus is not the form of action, the appropriate remedy being an action in the nature of a *quo warranto;* nor will mandamus lie, when two persons claim the same duty adversely to each other, against a third party."

In our judgment the principle enunciated in the foregoing authorities is decisive of the case at bar, and the judgment of the trial court is accordingly affirmed.

All the Justices concur.