## Neal F. Daugherty, Appellant, v. John A Fippinger et al., Appellees.

### Gen. No. 17,132.

1. OFFICERS—*president de facto*. Where the board of village trustees refuse to count the votes and arbitrarily cause a statement to be entered on the record that a certain individual receiving a minority of votes is elected, and he assumes the office, such action is sufficient to make him president *de facto* under color of right, though not president *de jure*.

2. MANDAMUS—*where office is filled by de facto officer*. Where an office is already filled by one who is exercising the functions of the

office *de facto* and under color of right, mandamus does not lie to compel the admission of another claimant nor to determine the disputed question of title to the office.

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.    Heard in this court at the June term, 1910.    Affirmed.    Opinion filed March 4, 1913.

JAMES B. HEFFERNAN, for appellant.

GEORGE E. BRANNAN, for appellees; ODE L. RANKIN, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

The Circuit Court sustained the demurrer to the second amended petition for a writ of *mandamus,* and, petitioner electing to abide, entered judgment for the defendants and the petitioner appealed.    The original petition alleged that at the annual election in 1809 of village officers in the Village of Bellewood, petitioner, Fippinger and Abel were candidates for president; that petitioner received 56 votes, Fippinger 44 and Abel 43, and that the returns to the village clerk made by the judges and clerks of election stated the facts; that the president and board of trustees of the village refused to count for petitioner the 56 votes he received and declared the result of the election to be that Fippinger was elected president, and caused a statement to be entered on the records and journal of the village that Fippinger was elected president; that the clerk issued a certificate of election to Fippinger, who at once assumed the duties of the office of president of the village, etc.

The second amended petition repeats the allegations of the original as to the election and the returns thereof and alleges that the village board adopted a resolution that, "the vote of Neal J. Daugherty for village president be disregarded;" that the board "refused to canvass the returns and to declare the result of said

election as shown by said returns and to cause a statement thereof to be entered on its journals,'' etc. The allegations of the second amended petition are not necessarily in conflict with the allegations of the original petition, for the former may be construed to mean, not that the board refused to canvass the returns, declare the result as found by the board and cause a statement thereof to be entered on its journals in accordance with the provisions of the statute, but that the board refused to canvass the returns and to declare the result, *as shown by said returns* and to cause a statement thereof to be entered on its journal.

We know of no ground on which the action of the board in rejecting the returns of votes for petitioner can be defended or excused. The board had no authority to go behind the returns and arbitrarily refuse to count the votes for petitioner shown by the returns, and Fippinger cannot, in our opinion, be held to be president *de jure*. But the action of the board was sufficient to make Fippinger president *de facto* under color of right.

In High on Extraordinary Remedies, sec. 49, it is said that the rule is established by an overwhelming current of authority that *mandamus* will not lie to compel the admission of another claimant nor to determine the disputed question of title to an office, where it is already filled by an actual incumbent who is exercising the functions of the office *de facto* and under color of right. In French v. Cowan, 79 Me. 426, the rule stated by High is followed and the cases in its support in this country and in England are cited and examined.

We think the demurrer to the petition was properly sustained, and the judgment of the Circuit Court is affirmed.

*Affirmed.*