Jones, J.,
dissenting. The relator invoked the wrong remedy when he brought his action in mandamus. The correct legal principle involved may be determined from the following brief, though salient, facts presented in the case:
The governor of the state, upon charges filed, removed the relator and appointed one Edward J. Hurst as his successor. Hurst then qualified and took possession of the office under the color of his appointment as a de facto official. The relator brought an action in mandamus against Rose and Hay, as liquor license commissioners, to compel *286 them to sign and deliver to him a voucher for his monthly salary. In this action neither the governor nor the rival claimant was made a party thereto. Under this state of facts it is clear, upon both principle and authority, that the form of the action brought was not available for the purpose of trying the title to the office in question. Concededly the right of the relator, ClenDening, to his salary depended upon his reinstatement as an official de jure. It might be conceded that though the form of the action was in mandamus, yet had Hurst, the rival claimant, been made a party to the proceeding, the entire controversy may have been tried in such an action as if brought in quo warranto, and proper judgment made between the contesting parties. But Hurst was not a party, nor was the governor, who was the only other person interested in the removal of the relator.
That an action of this character . cannot be brought to test the title to office by a de jure claimant, where the de facto incumbent in possession has not been made a party thereto, has been decided by the overwhelming weight of authority in this country. This principle has also been adhered to in England, where, in 1855, in the case of Frost v. The Mayor of Chester, 5 El. & Bl., 531, Lord Campbell, C. J., said: “It is a clear point in municipal law that, where a man is bona fide in office, his title is not to be tried by mandamus, but by quo warranto.”
In the same case, Lord Coleridge in concurring used the following language: “I am of the same opinion. A mandamus goes only on the supposi *287 tion that, there is no one in office.” In this judgment Wightman and Erie, JJ., concurred.
This principle has been established generally by the courts of this country. High on Extraordinary Legal Remedies, Section 49, upon that subject, contains the following text:
“And the rule may now be regarded as established by an overwhelming current of authority that when an office is already filled by an actual incumbent, exercising the functions of the office de facto and under color of right, mandámus will not lie to compel the admission of another claimant, or to determine the disputed question of title. In all such cases the party aggrieved, who seeks an adjudication upon his alleged title and right of possession to the office, will be left to assert his rights by the aid of an information in the nature of a quo warranto, which is the only efficacious and specific remedy to determine the questions in dispute. And whenever it is apparent on the face of the pleadings that the issue presented involves a determination as to the person properly elected to an office or entitled to exercise its functions, the writ of mandamus will be withheld.”
In 2 Spelling on Injunctions and Extraordinary Remedies (2 ed.), Section 1383, the rule stated is confirmed as follows:
“Generally, when the opposite party in possession sets up a bona fide claim to the office under color of title, the application for mandamus will be dismissed, and the relator left to resort to proceedings in quo warranto as the more appropriate action to try the conflicting claims of the contestants.”
*288 The reason for the adoption of this rule is obvious. The quo warranto statutes of Ohio have provided an adequate and appropriate remedy to try the question of title between rival claimants. Where the title is attempted to be determined, as in the present case where the de facto incumbent who is in possession under color of right has not been made a party, the proceeding may become merely ex parte by reason of the fact that the rival claimant, the party who is actually interested and in possession of the office, has not been made a party to the action.
Let us take, for instance, the present case. Hurst was not made a party; had he been, he could have tendered to the court his defense and had the issue squarely presented and tried between the rival claimants for the office. The only parties to the proceeding here were Rose and Hay, mere ministerial officers whose duties were simply to sign the vouchers for the payment of salary. It can easily be conceived that these defendants, who were merely nominal parties, might not have the least interest in the case which they cared to defend; or, one may easily imagine a case in which nominal parties defendant might be in collusion with the relator or suffer a judgment by default to be taken against- them. These considerations, together with other sufficient reasons, would lead to the conclusion that upon vital issues affecting the title to public office, the persons interested should be made parties to the action, and that action should be in quo warranto as provided by the statute.
*289 Since the incumbent, Hurst, is in possession and discharging his public duties, there is no special public interest demanding the immediate use of the extraordinary writ of mandamus. Public interest can well afford to await' the final determination of the issues between the rival claimants.
Counsel for the relator have cited a large number of cases and dicta, many of which. are not germane to this case. Many of these cases are based upon the early case of Dew v. Judges, 13 Va. (3 Hen. & Mun.), 1, which is entirely out of harmony with the current of modern authority. Some of the cases cited are not apposite, for the reason that the de facto officer was made a party to the action in mandamus and the court conceived that it had a right, having both the rival claimants before them, to adjudicate the issue of the title to office between them.
The case of Lawrence v. Hanley, 84 Mich., 399, is cited, but an inspection of that case shows that the relator was the incumbent of the office and held as such both de jure and de facto. The later case of Hartwig v. The Mayor of Manistee, 134 Mich., 616, correctly defines the position of the Michigan courts, that in cases of this character mandamus is not the proper remedy. A lower court decision, People, ex rel. Howard, v. Board of Supervisors, 59 N. Y. Supp., 476, is also cited in support of the position of the relator, but a later New York case, decided by its court of last resort, correctly states the rule in People, ex rel. Sulzer, v. Sohmer, Comptroller, 211 N. Y., 565, where Governor Sulzer, who had been removed from Office, sought by *290 action in mandamus to compel the comptroller to pay his salary as governor. That court held in its syllabus that “A proceeding by mandamus to which the incumbent of the office is not a party is not a proper or available remedy to try the title to an office held by another person.”
In support of this obviously correct principle, applying to cases of this character, are the following cases: Daugherty v. Flippinger, 177 Ill. App., 522; Leonard v. Terre Haute, 48 Ind. App., 104; and French v. Cowan, 79 Me., 426, the pertinent proposition in the syllabus of the latter case being that “Mandamus is not an appropriate remedy to try the title 'to an office as against one actually in possession under color of law.”
The judgment in the case at bar is based on authority of The State, ex rel. Moyer, v. Baldwin, 77 Ohio St., 532; The State, ex rel. Stafford, v. State Board of Appraisers and Assessors, 84 Ohio St., 505, and Karb, Mayor, v. The State, ex rel. Carter, 87 Ohio St., 197. These cases are clearly distinguishable from the one at bar.
In The State, ex rel. Moyer, v. Baldwin, supra, the first proposition of the syllabus is as follows: “Mandamus is the proper remedy to restore a party to the possession of an office from which he has been illegally removed.”
In that case the court held that the removal was wrongful because it was accomplished without authority of statute, and that the mayor had no original power or jurisdiction to enter upon any hearing. It was this lack of statutory authority that gives vitality to the word “illegally” in the syllabus.
*291 If in the present case the governor had not the power of removal or of appointing relator’s successor under the laws of our state, if the attempted action were taken by some officer of the state other than the governor in disregard of the statute, clearly Hurst would be a mere usurper, holding the office without colorable authority. But here the governor had not only the power of removal, but also the power of appointment, under the statutes of the state. His removal of the relator, followed by the appointment of his successor, constituted the latter a de facto official, whose commission gave him a color of legal authority for the occupancy of the office.
In this connection the two New Jersey cases cited and relied on by the learned judge who delivered the opinion in The State, ex rel. Moyer, v. Baldwin, supra, clearly establish the legal principles that apply. In The State, ex rel. Mason, v. The Mayor of Paterson, 35 N. J. Law, 190, the court affirmed the use of the extraordinary writ of mandamus, rather than quo warranto, because “there was no appointing board, and those who attempted to act had no authority.” The respondent therefore could have no color of right. The same distinction was also made in the case of Leeds v. Atlantic City, 52 N. J. Law, 332, in a syllabus applicable to the present case:
“1. When an office full de facto of a person claiming it under color of right, the proper remedy to test the claimant’s title is quo warranto, and not mandamus. . ■
“2. An office is deemed to be full de facto when *292 ever a person elected has been admitted to it, notwithstanding the election may, upon legal grounds, turn out to be invalid; provided, such election is consistent with an honest misapprehension of the law, and not evidence of a palpable disregard of its provisions.”
Likewise, in the case of Karb, Mayor, v. The State, ex rel. Carter, supra, the count held that the mayor had no authority to remove the chief of police under the existing law. However, the character of the remedy was not involved or referred to in that case. The same question — lack of statutory power — was also made in the unreported case of The State, ex rel. Stafford, v. State Board of Appraisers and Assessors, supra. All three cases, however, preserve the merit at least of invoking the writ directly against the officials causing the removal. In this respect these cases are quite dissimilar from the instant case, where the remedy is sought against the paymasters only, as was attempted but denied in the cases of Hartwig v. The Mayor, supra, and People, ex rel. Sulzer, v. Sohmer, supra.
An examination of the record discloses that in removing the relator and appointing his successor, the governor was acting under the provisions of law and not in its palpable disregard. Charges were made and filed, a full hearing had and, under the statutory power given him, the governor removed the relator and appointed a successor in his stead. His warrant for his action was the statutes of the state-, and there was no violation of statute, as developed in the case of The State, ex rel. *293 Moyer, v. Baldwin, supra. Whether the charges filed were insufficient or otherwise, or whether the facts supported the charges made, cannot be inquired into in a proceeding of this character, since quo warranto has been uniformly held to be the proper action in cases of that character. In at least three cases in this state quo warranto was the remedy employed where the removing officials attempted to remove upon insufficient charges. The State, ex rel. Attorney General, v. Hawkins, 44 Ohio St., 98; The State, ex rel. Meader et al., v. Sullivan, 58 Ohio St., 504; The State, ex rel. Attorney General, v. Hogland et al., 64 Ohio St., 532.
In all these cases the attempted removal was made upon alleged insufficient causes, but in each of them the remedy employed was quo warranto and the defendants in each case were de facto incumbents of the office.
Section 12287, General Code, provides that a writ of mandamus must not be issued in a case where there is a plain and adequate remedy in the ordinary course of the law. “The existence of a specific statutory remedy will exclude mandamus.” 26 Cyc., 175.
An adequate remedy, therefore, having been provided by statute, whereby the rival claimants could try out the question of who had the title to the office of liquor commissioner, that remedy should have been pursued. Mandamus should not have been invoked against mere paymasters, who at best were mere nominal parties in the case.
Newman and Matthias, JJ., concur in the dissenting opinion.