## MISSOURI PACIFIC R. CO. v. McINTOSH, Co. Treas.

No. 14265—Opinion Filed Sept. 18, 1923.

1. **Schools and School Districts—Election for Increased Levy—Validity.**

A special school district election was held to determine the question of whether such school district would vote an increased levy for school purposes. The election was directed by the excise board to be held on the 18th day of August, 1921; the school board of the district posted notices to the effect that a special school meeting would be held at place named therein, on the 15th day of August, 1921, for the purpose of voting on the question of whether an extra levy of nine and one-half mills should be made for the current year; ample opportunity was offered all electors to vote, no fraud is alleged or shown in the calling or in the conduct of the election. Held, as by statute the election should have been held on the second Tuesday after the first Monday in August, 1921, the call for the election was irregular as to time, but the election was not void.

2. **Same—Elections—Mandatory and Directory Statutes.**

When the statute simply provides that certain acts or things shall be done within a particular time or in a particular manner, and does not declare that their performance is essential to the validity of the election, then they will be regarded as mandatory if they do, and directory if they do not, affect the actual merits of the election.

5. **Statutes—Legislative Intent.**

In determining whether statutes are mandatory or directory the legislative intent governs.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Rogers County; C. W. Mason, Judge.

Action by Missouri Pacific Railroad Company against John R. McIntosh, County Treasurer of Rogers County, to recover $1,718.83 taxes alleged to have been illegally levied and collected, and paid under protest. Judgment was rendered for the defendant, and plaintiff. Missouri Pacific Railroad, appeals. Affirmed.

Thos. B. Pryor and W. L. Curtis. for plaintiff in error.

Edgar Anderson, for defendant in error.

Opinion by PINKHAM, C. The plaintiff in error, the Missouri Pacific Railroad Company, commenced this action against the defendant in error, John R. McIntosh, county treasurer of Rogers county, Okla., on the 30th day of January, 1922, in the district court of Rogers county, Okla.

The plaintiff in error was the plaintiff below, and the defendant in error was the defendant in the court below, and will be referred to as plaintiff and defendant.

The petition of the plaintiff alleges, in substance, that a levy of taxes against its property in Rogers county to the extent of $1,718.83, was levied, extended, and collected by the defendant from the plaintiff without authority of law, in that an excess rate and levy of nine and one-half mills was not authorized by an election of the electors of school district No. 33, Rogers county, held at the time and in the manner as provided by the Constitution and the statutes of the state of Oklahoma; that said election was held on August 15, 1921, whereas the date as fixed by the excise board for the holding of said election predicated upon statutory provisions was for August 18, 1921.

That the portion of said taxes so illegally levied, extended, and collected from the plaintiff by the defendant as county treasurer, was paid by the plaintiff under protest, and at the time of said payment notice was served upon the said defendant by the plaintiff of its intention to file suit for the recov-

ery of the illegal portion of said taxes. Plaintiff prayed judgment against the defendant, John R. McIntosh, as county treasurer of Rogers county, Okla., for the sum of $1,718.83, together with interest and costs.

Defendant in his answer admitted that he collected from the plaintiff the said sum of $1,718.83, and that the same was paid under protest at the time of payment: and that notice was served upon the defendant by the plaintiff of its intention to file suit for recovery of that portion of taxes levied, to wit, the sum of $1,718.83. Defendant specifically denies that the levy extended, and the collection of said sum against the property of the plaintiff, was not in a manner provided for by the Constituton and the statutes of the state of Oklahoma.

The case was tried to the court, a jury being waived by both parties upon an agreed statement of facts. The court, after hearing the pleadings and the facts as agreed upon, and the argument of counsel, found the issues in favor of the defendant and against the plaintiff, and duly rendered judgment thereon, to which ruling and judgment the plaintiff excepted. Motion for new trial was filed, presented, and considered by the court, which motion was overruled, to which the plaintiff excepted and caused its exception to be noted of record and gave notice in open court of its intention to appeal from the judgment of the district court of Rogers county, Okla., to the Supreme Court.

A number of assignments of error are set out in the petition in error, and in the brief of the plaintiff, all of which are discussed by counsel for plaintiff, in his brief, under one proposition, which is, in effect, that the special election held in school district No. 33, Rogers county, on the 15th day of August, 1921, at which election an extra levy of nine and one-half mills was voted, was contrary to law and void for the reason that the said additional levy was voted at a different time, and the election called by a different board, or body, than the one provided by statute.

By reference to the pleadings and agreed statement of facts upon which this case was submitted to the trial court, it appears that at the regular annual school meeting of said district No. 33, there was no action taken by the electors as to the voting of the extra levy of nine and one-half mills, which is the subject of controversy in this suit; that the estimate made and returned to the excise board by the school board of said district No. 33, disclosed that it would require nine and one-half mills in excess of the statu-

tory five mills to raise a fund sufficient to meet the estimated requirements of said district for the current year; that the excise board on the 3rd day of August, 1920, entered its order, after approving the report of the members of the school board, directing that an election be held in said school district No. 33, at which the question as to whether or not the nine and one-half mills levy in excess of the five mills authorized to be levied by statute, should be voted, and directed that said election be held on August 18, 1921; and that August 19, 1921, was the second Tuesday after the first Monday in August, 1921, the date provided by statute for holding elections in such cases; that a notice was posted in school district No. 33, to the effect that a special school meeting would be held at Oolagah on the 15th day of August, 1921, at 2 o'clock p. m., and that the purpose stated in said notice was the voting on the question of the additional nine and one-half mills excess levy: that the clerk of the said school district No. 33, filed with the excise board, certificate of said special election to be held on the 15th day of August, 1921, for the purpose of voting further indebtedness, or the extra levy of nine and one-half mills, and that at said election 42 qualified voters of said district No. 33 participated, and that 37 voted for the extra levy, and five voted against the increased indebtedness, and that the levy was subsequently made by the excise board, in the sum of nine and one-half mills, based upon said special election which was held on August 15, 1921, instead of August 18, 1921, as ordered by the excise board.

A review of the entire record discloses that the excise board approved the report of the members of the school board, and entered an order directing that an election be held in school district No. 33, in Rogers county, at which the question as to whether or not the nine and one-half mills in excess of the five mills authorized to be levied by statute should be voted, and fixed the time of the election for the 18th day of August, 1921.

The school board gave notice by posting the same, that the election directed to be held by the excise board, for the purpose of voting on the question of an additional levy would be held at the place named in said notice, on the 15th day of August, 1921. It appears that this notice was the only one given, and that the voters of school district No. 33 attended the election and voted upon the question submitted as to an increased levy. Because the school board posted the notice of the election held on the 15th day of August, we do not think it can be said

that a different board called the election than the one provided by statute. The school election which was held was an election which the excise board directed to be held, and while irregular for the reason that the same was held on a day other than the day fixed by the excise board, was not for that reason alone void.

Section 9707, Comp. Stat. 1921, in part reads:

"If any estimate certified to the excise board for the current expenses of any * * * school district shall exceed the limits prescribed by the first section of this article, and the excise board shall be of the opinion that such excess is reasonably necessary for the current expenses of the municipality for which the same is prepared, they shall enter such fact upon the record of their proceedings and shall give notice by publication in one issue of some newspaper printed in the county, that a special election will be held in the * * * school district * * * on the second Tuesday after the first Monday in August next thereafter, for the purpose of submitting to the qualified electors of such * * * school district the question of making increased levy."

It is the contention of the plaintiff that the statute fixing the time for the holding of a school district election for the purpose of voting on the question of an additional levy is mandatory, and that inasmuch as the election in the instant case was held on the 15th day of August, 1921, instead of on the 18th day of that month, as directed by the excise board in accordance with the statute, that the election in question was contrary to law and void.

The general rule is well settled that where the statute simply provides that certain acts or things shall be done within a particular time or particular manner, and does not declare that their performance is essential to the validity of the election, they will be regarded as mandatory if they do, and directory if they do not, affect the actual merits of the election. 35 R. C. L. 772; McCrary on Elections (4th Ed.) sec. 425; Newhouse v. Alexander, 27 Okla. 46, 110 Pac. 1121, Ann. Cas. 1912B, 678.

No universal rule can be given to distinguish between directory and mandatory provisions. The controlling question in this, as in all rules of construction is, What was the intention of the Legislature? Whether a statute is mandatory or directory does not depend upon its form, but upon the legislative intention, to be ascertained from a consideration of the entire act, its nature, its object, and the consequences which would result from construing it one way or the other. 36 Cyc. 1157, and cases cited.

When the statute does not in express terms declare that the election shall be void or when the constitutional provision does not by reasonable inference invalidate the election, the election will be sustained and the violation of the statute will be treated as an irregularity going to the form instead of to the substance, where from all the facts the court does conclude that in spite of the departure from statutory requirements, a full and fair ballot has been cast and a true and fair return of the entire election has been canvassed and made. Indeed it has been held that this rule of law is so well established that it should be considered as the common law, controlling in the light of which the statute was enacted, and with which the statute must be interpreted, and affecting its application, unless the statute in express terms negatives it by a declaration that the election held in disregard of the statute shall be void. Bowers v. Smith, 111 Mo. 45.

As we view the question raised by plaintiff, the important thing which the Legislature had in view in providing for special school district elections for the purpose of voting upon the question of an additional levy was a fair and honest election, of which notice of the time, place, and purpose should be given, and that it was not intended that the failure to hold the election on the particular day named in the statute should operate to invalidate the election for that reason alone.

In other words, the statute providing for special school district elections for the purpose of submitting to the qualified electors of the school district the question of making such increased levy, and fixing the time for the holding of such elections on the second Tuesday after the first Monday in August next thereafter, contemplates that such elections will be held at the time mentioned in the statute.

It does not, however, as we construe it, provide that such an election, otherwise legal, should be regarded as invalid if held on some other day within a reasonable time, either before or after the time named in the statute; and the statute in question will be construed as directory instead of mandatory or essential, so far as the time of holding the election is concerned, where as in this case it does not appear that any voters were prevented from exercising their rights, and no voter was misled or deprived of his vote, and where no fraud is alleged or shown in the calling or in the conducting the election.

In the case of Board of Excise of Oklahoma County v. Board of Directors of School District No. 27, of Oklahoma County, 31 Okla. 553, 122 Pac. 520, it is said in the first paragraph of the syllabus:

"That portion of section 5, c. 64, Sess. Laws 1910, fixing the time for the holding a special election in school districts, for the purpose of submitting to the qualified electors thereof the question of making an increased levy, as provided for in the said act is, as to such time, directory only; and where for any reason the excise board fails to give the notice and call the election, provided for therein, on the said date, it may be required to do so within some reasonable time subsequent thereto.

"The general rule is, where the statute does not in express terms declare an election void for violation of the statutory provisions, the election will be sustained, and the violation of the statute will be treated as an irregularity going to the form instead of the substance, where from all the facts the court concludes that in spite of the departure from statutory requirements, a full and fair ballot has been cast and a true and fair return of the entire election has been canvassed and made." (Lamb v. Palmer, 79 Okla. 86, 191 Pac. 164; Wallace v. Excise Board of Bryan County, 91 Okla. 101, 216 Pac. 654.)

For the reasons stated, we think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.