## KILE v. GRAHAM.

No. 16090—Opinion Filed April 7, 1925.

(Syllabus.)

**1. Mandamus—Title to Public Office.**

Mandamus will not lie to try the title to a public office.

**2. Same—Quo Warranto as Remedy Against One Occupying Office.**

When an office is already filled by a person holding under color of right, mandamus will not issue to remove him and admit another claimant to such office. The appropriate remedy in such a case being an action in the nature of quo warranto.

Error from District Court, Love County; W. F. Freeman, Judge.

Action by M. R. Kile against Mrs. Bonnibel Graham. Judgment for defendant, and plaintiff appeals. Affirmed.

Wilkins & Wilkins, for plaintiff in error.

Keller, Cameron & Moss, for defendant in error.

NICHOLSON, C. J. On October 4, 1924, Shawnee Brown, the county superintendent of public instruction of Love county, tendered his resignation to the board of county commissioners of said county, and such resignation was by said board duly accepted. The defendant in error, Mrs. Bonnibel Graham, was by said board of county commissioners on said day appointed to fill out the unexpired term and duly qualified as such officer, and entered upon the duties of the office.

At the regular election held on November 4, 1924, M. R. Kile, plaintiff in error, was duly elected to the office of county superintendent of public instruction of said county for the term beginning July 1, 1925; on November 15, 1924, he made his official bond, took the oath of office, and instituted this action seeking a writ of mandamus requiring the defendant to at once vacate said office and deliver the same, together with all compensation received after November 15, 1924, to him.

To the amended petition filed the defendant interposed a general demurrer, which was by the court sustained. The plaintiff elected to stand on his amended petition and brings the case here for review.

It is urged that the amended petition pleads facts showing that the defendant was not legally appointed to the office, because no notice of the meeting of the board of county commissioners was given as required by law; that the minutes of this meeting, as pleaded in the petition, show that it was a special meeting called for the purpose of appointing the defendant, and that by the provisions of section 5780, Comp. Stat. 1921, such meeting could only be called upon five days' notice given by the county clerk; that because of the failure to give this notice,

the meeting of the board was void, and its action in appointing the defendant was likewise void; and, as the action of the board was of no validity, there was a vacancy in the office within 30 days previous to the election at which it might be filled, and that by the provisions of section 135, Comp. Stat. 1921, no appointment could be made; therefore, it is claimed that the plaintiff, having been elected to the office on November 4, 1924, was entitled to the office upon giving bond and taking the oath required.

Whatever might be the effect of these contentions in a proper case, they can be of no avail to the plaintiff in this action, for mandamus will not lie to try the title to a public office. Amos A. Ewing v. M. L. Turner, 2 Okla. 94, 35 Pac. 951; Evan D. Cameron v. J. H. Parker, 2 Okla. 277, 38 Pac. 14; State ex rel. Shepard v. Crouch, 31 Okla. 206, 120 Pac. 915; Ross et al. v. Hunter et al., 53 Okla. 423, 157 Pac. 85.

The minutes of the board of county commissioners pleaded by the plaintiff show that on October 4, 1924, the resignation of Shawnee Brown was received and accepted, and that on said day the defendant was appointed to fill out the unexpired term of Shawnee Brown as county superintendent of public instruction; that the official bond of the defendant was approved and she took the oath of office required by law, and was by the board declared the duly qualified and acting county superintendent of public instruction of said county. It was alleged in the petition that the defendant was in possession of the office and receiving the compensation provided therefor.

The allegations of the petition clearly showing that the defendant is in possession of the office under color of right, mandamus will not lie to remove her and admit the plaintiff to the office. Daugherty v. Fippinger, 177 Ill. App. 522; Delahanty v. Warner, 75 Ill. 185, 20 Am. Rep. 237; State ex rel. Goodhow v. Police Com'rs, 80 Mo. App. 206, 184 Mo. 109, 71 S. W. 215; Cripple Creek v. People, 19 Colo. App. 399, 75 Pac. 603; St. Louis County Ct. v. Sparks, 10 Mo. 117, 45 Am. Dec. 355; State ex rel. Mason v. Paterson, 35 N. J. L. 190; Lyon v. Granville Co., 120 N. C. 237, 26 S. E. 929; Meredith v. Board of Supervisors, 50 Cal. 43; People v. Olds, 3 Cal. 167.

The petition shows on its face that the purpose of the action was to try the title to the office, and this being true, is not the form of action. If the plaintiff is entitled to any relief, he should seek it by an action in the nature of quo warranto, which is the appropriate remedy.

The court did not err in sustaining the demurrer. The judgment is affirmed.

All the Justices concur.