## GREEN v. SAMMONS.

No. 20520.  Opinion Filed Jan. 21, 1930.

Rehearing Denied Feb. 25, 1930.

Geo. Trice, Denver N. Davison, Paul C. Thorne, and Ira J. Banta, for plaintiff in error.

Tom C. Waldrep and W. M. Haight, for defendant in error.

CULLISON, J. This is an appeal from the district court of Pottawatomie county, Okla., wherein plaintiff in error, Hugh Green, brought an action in mandamus to compel defendant in error, L. T. Sammons, to vacate the office of mayor of the city of Maud, Okla., and to deliver to plaintiff in error all records, books, papers, and appurtenances belonging to said office, for the alleged reason that said defendant in error had no legal right to said office or any of the appurtenances thereto.

The case was tried to the court, sitting without a jury, and on June 20, 1929, the court rendered judgment in favor of de-

fendant in error Sammons. Motion for new trial was duly filed and by the trial court overruled, and from the order overruling said motion, plaintiff in error appeals to this court.

The parties to this appeal occupy the same relative positions as is the trial court and will hereinafter be referred to as they appeared below: Hugh Green, relator, and L. T. Sammons, respondent.

At the trial of the case the parties stipulated as to the facts and evidence, substantially as follows:

The city of Maud, Okla., is situated part in Seminole county, Okla., and part in Pottawatomie county, Okla. On April 2, 1929, pursuant to a proclamation theretofore issued by the Hon. W. J. Holloway, Governor of Oklahoma, the question of whether the town of Maud should become a city of the first class was submitted to the voters residing in said city, and a decisive vote was cast in favor of becoming a city of the first class. On this same date, to wit, April 2, 1929, in addition to the above election, there was also held a general election, pursuant to instructions from the State Election Board, for the election of officials to serve under the city in the event it became a city of the first class. At such election the respondent was a candidate for mayor of Maud, Oklahoma, received the highest number of votes for that office, and on April 26, 1929, the election board of Pottawatomie county, Oklahoma, issued a certificate of election to respondent. On April 16, 1929, Hon. W. J. Holloway, as Governor of Oklahoma, issued a proclamation declaring the election of April 2, 1929, to have resulted in favor of Maud becoming a city of the first class, and in such proclamation the Governor called for a primary and general election for officers of said city. Accordingly, a primary was held April 27, 1929, and the relator, Hugh Green, became a candidate for the office of mayor of the city of Maud, on the Democratic ticket, and thereafter, May 2, 1929, in accordance with said proclamation a general election was held, at which the relator received the highest number of votes cast for said office, and on May 7, 1929, relator filed his oath of office as mayor of the city of Maud. Thereafter, May 13, 1929, relator was issued a certificate of election by the county election board of Seminole county, Okla., and on May 14, 1929, was issued a certificate of election by the county election board of Pottawatomie county, Okla.

The election so held on April 2, 1929, for determining whether the town of Maud should become a city of the first class and for the election of city officials was entirely held and conducted by the county election board of Pottawatomie county, and from it certified to the Governor of the state of Oklahoma, and by it election certificates issued to all of the persons who were candidates at said time, including respondent, Sammons.

At the trial of the case the respondent demurred to the stipulation and evidence of relator, contending the same did not constitute a cause of action in favor of relator and against respondent and moved the court to dismiss said action. The trial court sustained said demurrer and held that the relator was not entitled to the relief prayed for. The court also held that it could not inquire into the right of relator to the office sought.

Under the view that we take in this case it will only be necessary to consider the contention, urged most vigorously by respondent both in the trial court and in this court on appeal. Respondent's contention was and is:

That the relator should have sought relief by an action in the nature of quo warranto; that relator's petition and the prayer therein requesting the trial court to issue its peremptory writ of mandamus directing respondent to vacate the office of mayor and to deliver to relator the records of said office, and requesting the trial court to decree that respondent have no right to said office and that said respondent be ousted from said office, is an action in mandamus, and under the law as previously announced by this court the right and title to a public office cannot be determined in a mandamus proceeding.

We are of opinion the contention is well taken.

The trial court issued an alternative writ of mandamus and on final hearing refused to issue a peremptory writ of mandamus and denied the relief prayed for by relator.

The record conclusively shows that this action is one in mandamus. The stipulation shows on its face that the purpose of the action was to try the title to said office of mayor.

It is settled beyond question in this jurisdiction and the majority of the states that mandamus will not lie to try title to a public office. See Ewing v. Turner, 2 Okla. 94, 35 Pac. 951; Kile v. Graham, 108 Okla. 179, 235 Pac. 524.

The record also shows beyond doubt that

respondent, Sammons, was and is holding said office under color of title.

In Kile v. Graham, supra, this court held:

"When an office is already filled by a person holding under color of right, mandamus will not issue to remove him and admit another claimant to such office. The appropriate remedy in such case being an action in the nature of quo warranto."

The rule announced in Kile v. Graham, supra, is supported by the great weight of authority. In 26 Cyc. 256, the rule is stated as follows:

"Accordingly it may be stated as a general rule that where an office is already filled by an actual incumbent, exercising its functions, even though he is an officer de facto under color of right only, mandamus is not available to compel the admission of another claimant to the office, at least where the latter has never been an actual incumbent."

The relator cites cases wherein petitions for mandamus have been upheld by this court and urges that under the doctrines therein announced a mandamus proceeding in the case at bar is proper procedure.

An analysis of these cases, however, will not bear out the contention. There the action was brought by a party having a clear title to the office in question and against one who had no title, or even color of title thereto.

Such are not the facts in the instant case. The contention here arises between two parties, the respondent withholding said office under color of title and the relator seeking to gain possession of said office through mandamus proceedings based on his alleged title. It follows that, under the record, relator has not shown an unqualified right to the writ; that his claim is substantially doubtful.

In State ex rel. Shepard v. Crouch, 31 Okla. 206, 120 Pac. 915, this court held:

"The writ of mandamus is a discretionary writ; and where it does not appear that plaintiff has a clear right to the thing demanded, and where his claim thereto is substantially doubtful, the denial thereof is not error. * * * When the question of the right or title to an office is put in issue, mandamus is not the form of action, the appropriate remedy being an action in the nature of quo warranto. * * *"

The record convinces us that the relator in the trial court sought relief under mandamus proceedings, and that it was on this theory that the case was there tried, and adjudicated. The relator now comes into this court and in effect discards that theory and, although he admits that in the lower court a mandamus was requested, he now says that in reality the relief sought below was under quo warranto proceedings, and would have this court adjudicate the issues on that theory.

We have many times spoken on this question and held that where a person tries a case in the trial court on one theory, he will not be heard on appeal to change that theory. In Overstreet et al. v. Citizens Bank, 12 Okla. 383, 72 Pac. 379, this court held:

"Where a party brings his suit in equity alleging certain specific grounds for relief and tries the case upon such theory and is defeated, he will not be permitted to switch and try his case upon a different theory in the Supreme Court, although it may appear that he is entitled to some relief in an action at law."

Under the record in this case and under the authorities above cited, it is the opinion of this court that the trial court correctly ruled in holding that it could not inquire into the right of relator to the office of mayor of Maud, and in refusing to grant the writ of mandamus as prayed for by relator.

The judgment of the trial court is affirmed.

MASON, C. J., and HEFNER, RILEY, SWINDALL, and ANDREWS JJ., concur. LESTER, V. C. J., and HUNT, J., absent. CLARK, J., not participating.