## McCARTER v. SPEARS, County Supt., et al.

No. 22362. Opinion Filed May 17, 1932.

C. M. Threadgill, for plaintiff in error.

Ralls & Ralls, for defendants in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Coal county in favor of the defendant in error, the plaintiff in the trial court, against the plaintiff in error, the defendant in the trial court.

The plaintiff, the county superintendent of Coal county, filed in the district court of Coal county a petition against the defendant in which he prayed that court to issue a writ of mandamus requiring the defendant to turn over to the plaintiff the school books, records, papers, and seal held by him. He alleged therein that the defendant was attempting to act as the clerk of consolidated school district No. 2, and that he was holding the school books, records, papers, and seal that should be turned over to the plaintiff, as the county superintendent, to be held by him until a clerk was selected and qualified for consolidated school district No. 2. The trial court issued what was styled an alternative writ of mandamus, which, by its terms, was a peremptory writ of mandamus, requiring the defendant immediately to deliver the school books, records, papers, and seal to the plaintiff. The defendant filed an answer in which he denied the allegations of the petition and in which he alleged that he was the legally elected and qualified clerk of consolidated school district No. 2. Therein he questioned the authority of the county superintendent to maintain the action. Thereafter one R. D. Cody filed a petition in intervention in the action, in which he prayed the court for permission to intervene therein and in which he alleged that he was the duly appointed and qualified clerk of the school district. He was substituted for the plaintiff in the action and the trial court proceeded to try the case as an election contest and rendered judgment that the intervener was the duly appointed and qualified clerk of the school district. The defendant was ordered to deliver the school books, supplies, papers, and seal to the intervener. From that judgment the defendant appealed to this court.

The record shows that at the regular annual meeting of the school district held on March 31, 1931, the defendant was nominated for the office of clerk of the school district. The intervener was also nominated

for that office. The director of the school district who was presiding at the meeting, held that the intervener had been nominated for the office of director and that for that reason he could not be nominated for the office of clerk. No other nominations were made. The defendant was elected to the office of clerk of the school district by acclamation. All of the votes cast were for him. There was no objection made to the procedure followed. The defendant took the oath of office before 4 o'clock, and the books, records, papers, and seal of the school district were turned over to him. Thereafter a complaint was made to the county superintendent, who concluded from the statements made to him that the election of the defendant as clerk of the school district was illegal. Thereupon he made an order appointing the intervener as the clerk of the school district. The defendant refused to turn over the school books, records, papers, and seal to the intervener, and the county superintendent commenced the action in the district court.

The mandamus proceeding was not authorized. Section 446, C. O. S. 1921; Kile v. Graham, 108 Okla. 179, 235 P. 524, and Elliott v. State ex rel. Kirkpatrick, 150 Okla. 275, 1 P. (2d) 370. The petition for mandamus did not state a cause of action. The plaintiff therein did not seek to compel the defendant to perform any duty resulting from office, trust or station. He alleged that the defendant did not hold any office, trust or station and that the defendant was a mere usurper of the office of clerk of the school district. However, the intervention was permitted and the parties proceeded to try the issue as to whether the defendant or the intervener was entitled to the office of clerk of the school district. Since no good can result from a retrial of that issue; since it appears from the record that all of the facts are shown by the record, and since the plaintiff and the intervener contend herein that the intervener is entitled to the office, this court will disregard the form of the action and determine the merits of the controversy.

From the record we conclude that the judgment of the trial court, that the defendant was not elected clerk of the school district at the meeting, was based on the finding by the trial court that the presiding officer at the school meeting had no authority "to make a rule against placing Dr. Cody's name in nomination on account of the fact he had been nominated for director"; that the election was by acclamation; and that the

defendant took the oath of office before 4 o'clock in the afternoon. We do not think it necessary to incumber this opinion with a statement of the evidence.

By the provisions of section 6926, Okla. Stats. 1931 (section 10471, C. O. S. 1921) the annual meetings of consolidated districts are controlled by the provisions of law for annual school district meetings. By the provisions of section 6786, Okla. Stats. 1931 (section 10339, C. O. S. 1921, as amended by section 1, chapter 85, Session Laws 1921) such annual meetings are to be held on the last Tuesday in March of each year, "beginning at 2 o'clock p. m. and closing at 4 o'clock p. m." By the provisions of section 6789, Okla. Stats. 1931 (section 10342, C. O. S. 1921,) the inhabitants qualified to vote at a school meeting lawfully assembled shall have power to choose a director, clerk or member who shall possess the qualifications prescribed by law. By the provisions of section 6798, Okla. Stats. 1931 (section 10351, C. O. S. 1921) a clerk of the school district was required to be elected at the annual meeting of the school district in 1931.

Where the statutes simply provide that certain acts or things shall be done within a particular time or in a particular manner, and do not declare that their performance is essential to the validity of an election, they will be regarded as mandatory if they do, and directory if they do not affect the actual merits of the election. Missouri Pac. R. Co. v. McIntosh, 92 Okla. 153, 218 P. 693.

It is the duty of courts to sustain elections where it can be done by a liberal construction of the laws relating thereto, rather than to defeat them by requiring a rigid conformity to technical directions which do not affect the substantial rights of the electors. Tecumseh v. Shawnee, 148 Okla. 128, 297 P. 285.

The record shows that the defendant was elected at the annual meeting of the school district held on the last Tuesday in March, 1931, between the hours of 2 o'clock and 4 o'clock p. m. of that day, by a majority of the qualified voters of the school district voting at the meeting. The fact that the presiding officer made an erroneous ruling did not prevent any voter at the school meeting from voting for the intervener. The presiding officer at a school district meeting is a servant of the electors present at the meeting. When no one appealed from the ruling of the presiding officer, it indicated that the electors present at the school meet-

ing were satisfied with the ruling as made. Any voter at that election could have voted for the intervener, had he desired to do so. We know of no rule of law which requires the election of school district officers at an annual school meeting to be by ballot. We know of no provision of law requiring such an election to be held open from 2 o'clock to 4 o'clock p. m. The record does not show that any qualified elector attending the school meeting between the hours of 2 o'clock and 4 o'clock p. m. was deprived of the privilege of voting. We know of no authority of law for a county superintendent to appoint a clerk of a school district to fill a vacancy when the qualified electors at the annual school meeting have elected a clerk of the school district and when he has qualified as such and is serving and has not resigned or become disqualified. The fact that the defendant took the oath of office before 4 o'clock p. m. on the day of the annual school meeting does not deprive him of the right to hold the office to which he was elected.

The judgment of the trial court is contrary to law and to the evidence, and it is reversed. The cause is remanded to that court, with directions to enter a judgment in conformity herewith.

RILEY, HEFNER, SWINDALL McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and CULLISON, J., absent.

Note.—See under (1) 9 R. C. L. 998; R. C. L. Perm. Supp. p. 2586; R. C. L. Pocket Part, title Elections, § 19; 24 R. C. L. 578.