### ADAIR v. TOWN OF CANEY.

No. 22539.   Dec. 4, 1934.

I. L. Cook, for plaintiff in error.

J. G. Ralls, for defendant in error.

ANDREWS, J. The plaintiff in error has briefed the cause on appeal, and the defendant in error has failed to do so. Because of the public question involved, this court decides the issue presented on its merits.

The record shows an attempt on the part of the defendant in error, the plaintiff in the trial court, to procure a writ of mandamus requiring the plaintiff in error, the defendant in the trial court,

"* * * to attend any and all meetings of the town council of the town of Caney, conducted by J. E. McKee, T. T. Hall and V. C. Chappel, as members of said council and V. C. Chappel, as mayor, and that he shall take with him all books, records, claims and proceedings in his possession, or which he may obtain, which shall include the mayor's record of said town; that he shall appear at all meetings and he shall perform the duties of clerk of the said town council of the town of Caney, as conducted by the said J. E. McKee, T. T. Hall and V. C. Chappel, of the town council with V. C. Chappel, mayor; and he shall enter all orders made by said council and the said defendant is specifically required to file the oath of office of the said T. T. Hall, J. E. McKee and V. C. Chappel and shall indorse thereon showing the filing of the same and shall sign his name as clerk".

—and an amended writ of mandamus to that effect. There are many reasons why the judgment of the trial court is erroneous.

Under the law of Oklahoma there is no such thing as a town council or a mayor of

a town, and for that reason the petition did not state a cause of action. The record shows nothing to cure the defect, and the judgment is void upon its face. The entire record shows an attempt to try the title to office by use of a writ of mandamus. It shows that J. E. McKee, T. T. Hall, and V. C. Chappel contended that they were the duly elected, qualified, and acting members of the town council of the town of Caney and that their claims were disputed by three members of the board of trustees of that town.

A writ of mandamus cannot be invoked to try the title to an office. Ross et al. v. Hunter et al., 53 Okla. 423, 157 P. 85; Green v. Sammons, 142 Okla. 36, 284 P. 1115.

The judgment of the trial court is erroneous and for that error it is reversed. The cause is remanded for further proceedings not inconsistent herewith.

SWINDALL, McNEILL, OSBORN, and WELCH, JJ., concur. RILEY, C. J., CULLISON, V. C. J., and BAYLESS and BUSBY, JJ., absent.