## SCHEIRMAN v. LUBER et al.

No. 28032. Nov. 1, 1938.

Rehearing Denied Nov. 22, 1938.

R. F. Shutler and E. M. Bradley, for plaintiff in error.

Karl D Cunningham and Charles Swindall, for defendants in error.

DAVISON, J. This is an appeal from a judgment of the district court of Kingfisher county in favor of George Luber et al., as defendants, and against W. R. Scheirman, as plaintiff. The plaintiff has appealed.

The record shows that common school district No. 77 of Kingfisher county held its regular annual election on March 31, 1936, for the purpose of electing school director and for other purposes as provided in section 6789, O. S. 1931. The minutes of the meeting, as disclosed by the record here presented, show that in the proceeding for the election of a school director for a term of three years, the chairman of the meeting called for nominations. The names of W. R Scheirman and George Luber were placed in nomination. Nominations were declared closed. The chairman requested those present to designate how they desired to vote. Mr. Scheirman suggested that they vote by raising the right hand. No objections were made and the chairman announced that the vote would be taken by raising the right hand The vote was taken. Those voting for Scheirman were announced by the clerk to be 13, and the same was announced by the chairman. Those voting for Luber counted by the chairman and announced by the clerk were 14. Thereupon Luber was proclaimed by the chairman to be the next school board member for the next three years. No protest or objection was made. The chairman then informed them that nominations were in order for determining the length of the term and the date of beginning the school term. Mrs Zuir, who had placed the name of W. R. Scheirman in nomination, announced her objections to the election of Luber as a member because the vote was not properly counted. Thereupon the chairman announced that the election of the school board member would be taken by ballot on the forms furnished by the county superintendent, which also contained ballot for school

levy, and ballots were taken. The ballots for Scheirman were shown to be 26 and those for Luber 22. The chairman announced that there were 47 ballots issued and 48 cast for member of the school board. After some discussion the chairman announced that the balloting for the member of the school board was void. Further discussion was had and nothing further done, and those assembled went home.

The first election was never declared set aside. At the election by one ballot, no one was ever declared to be elected, but the election for member was declared by the chairman to be void.

It is contended that the court erred in holding that the first election by the raising of the right hand was a legal election.

The statute authorizing the elections at the annual meetings does not provide the manner of holding the election (sections 6786-6789, O. S. 1931).

This court, in Gragg v. Dudley, 143 Okla. 281, 289 P. 254, held:

"An election is a process which includes registration, nomination, the voting and the manner in which the votes are to be counted and the result made known. Each of these steps must be taken and a declaration of the result, as provided for by section 5, article 6 of the Constitution, is indispensable to perfect and consummate the title to the office. And where the mode of so doing is commanded, until it is obeyed and such acts are done, the election is not complete."

See, also, to the same effect, 9 R C. L., sec. 116, p. 1113.

The qualified electors of the school district had the right to determine the manner of voting. They were not restricted to voting by ballot or the raising of the hand, but by consent they could elect by acclamation. It was evidently the wish of the plaintiff that the election be by raising the right hand, it being shown by the record that he made the suggestion for that manner of voting.

In McCarter v. Spiers, 157 Okla. 168, 11 P.2d 489. this court had a similar question before it, and held:

"The election of a school district director, clerk, or member at the annual school meeting of the school district may be by ballot or by acclamation, as the voters of the school district in attendance at the annual school meeting shall determine, and the election of a school district clerk by acclamation at an annual school meeting, without objection on the part of any elector of

**32**

the school district who attended the annual school meeting, is not void because the election was not by ballot."

We must conclude that the election had and determined by the raising of the right hand was the only election had with any announcement as to who was declared to be elected, and if George Luber was not elected, then no one was elected.

The only question presented for the consideration of this court is the alleged error of the trial court in holding that the defendant was duly and lawfully elected to the school district board by showing hands in the school election. No request for recount nor contest for office is presented by the pleadings.

The court is of the opinion that the judgment is correct, and the same is hereby affirmed.

BAYLESS, V. C J, and RILEY, GIBSON, and HURST, JJ., concur.