**A. A. BRYANT, et al., Plaintiffs in Error,**

v.

**Norman MITCHELL, County Superintendent of Pontotoc County, Oklahoma, Defendant in Error.**

No. 35975.

Supreme Court of Oklahoma.

Oct. 5, 1954.

Claude V. Thompson, Ada, for plaintiffs in error.

I. Jake Blevins, Ada, for defendant in error.

BLACKBIRD, Justice.

On the 8th day of October, 1952, there was filed with the County Superintendent of Pontotoc County a petition signed by the majority of the electors of Cedar Grove School District No. 47, Pontotoc County, praying for annexation of said district to School District No. 3 of said county. Thereafter the County Superintendent called an election to be held by the electors of said District No. 47, on the 7th day of November, 1952, between the hours of 2 o'clock P.M., and 6 o'clock P.M., at which election the majority of the electors voting at said election voted in favor of annexation, and on the 12th day of November, 1952, the County Superintendent entered an order annexing District No. 47 to District No. 3.

On the 20th day of November, 1952, by petition signed by more than 25 per cent of the electors of said district eligible to vote at such election, an appeal from the order entered by the County Superintendent was filed in the district court of said county. Therein petitioners prayed that the election be held void and that the order of the County Superintendent declaring annexation be vacated.

The petition is predicated upon the following grounds: (a) the election was not conducted in the manner provided by law for the holding of such election; (b) the election should have been conducted in accord with the provisions of the General Election Laws of the State; (c) illegal voters were permitted to cast their votes at the election; (d) the statute sec. 1 of Art. 7 of the School Code, Tit. 70 O.S.1951 § 7–1, authorizing the election is unconstitutional in that it violates sec. 6, of Art. III of the State Constitution.

Paragraph (a) of Tit. 70 O.S.1951 § 7–1, provides:

"The territory comprising all or part of a school district may be annexed to an adjacent school district, or to a school district in the same transportation area authorized to furnish transportation, or to two (2) or more such districts, when approved at an annexation election called and conducted by the County Superintendent of Schools

in pursuance of a petition for annexation signed by a majority of the school district electors in the territory proposed to be annexed, hereinafter referred to as the area affected, as provided in this Section. Such election shall be held within fifteen (15) days after the County Superintendent of Schools received such petition, at some public place in the area affected, between the hours of two (2) o'clock, P.M., and six (6) o'clock, P.M., and notice thereof shall be given by the County Superintendent of Schools in the same manner as special meetings of the school district electors of school districts."

By paragraph (c) of said section, it is made the duty of the County Superintendent, in the event annexation is approved at the election, to within five days thereafter make an order declaring the annexation and it is provided that such order shall not be effective until the time for filing an appeal has expired. It further provides that, within ten days after the order of the County Superintendent is entered, 25 per cent of the electors of the school district sought to be annexed eligible to vote at such election may appeal to the district court of the county in which the territory proposed to be annexed lies, and thereafter all proceedings shall be stayed until the district court has rendered judgment. The appeal was taken in accordance with this provision. The trial court rendered judgment sustaining the election and the order of the County Superintendent declaring annexation.

For reversal of the judgment appellants first contend that, since the statute, supra, does not provide the manner in which the election shall be conducted, such election should have been conducted in accord with the General Election Laws of the State. It is argued that the provisions governing such election have been flagrantly violated. The evidence discloses that the County Superintendent did not provide booths for the accommodation of the voters. Tables were provided for the use of the voters upon which they marked their ballots. Voters sitting around the table voting could see how others voted. In several instances, various voters were shown by their wives how to mark their ballots. However, there is no evidence that they were persuaded to vote contrary to their convictions. The County Superintendent started counting ballots between 4:30 and 5 o'clock prior to the time the polls closed at 6 o'clock. As the County Superintendent called the votes, they were tallied by the Secretary of the Election Board on a blackboard where all present could see the result of the count, and know the number of votes cast for and against annexation. The votes against annexation at that time exceeded the votes for annexation by one vote. Before the polls closed, three additional electors voted and the final count showed 38 votes for, and 36 votes against, annexation.

■ Appellants further contend that two of the electors voting in the election were not legal voters; that they did not reside in School District No. 47 but resided elsewhere outside that territory. The evidence as to this issue is in conflict. The trial court held they were legal voters and entitled to vote at the election. We cannot say that such finding is clearly against the weight of the evidence.

It is conceded that the election was conducted in a fair and unbiased manner. The County Superintendent conducting the election did not in any manner indicate his preference either for or against annexation. He did not attempt to influence any voters. The election was free from fraud and each and every elector in the district was given the opportunity to freely express his or her choice for or against annexation. It is conceded that proper and timely notice of the time and place of holding the election was given by the County Superintendent.

■ Appellants' main contention is that the election should have been held in accord with the General Election Law of the State; that such procedure was not followed and sufficient irregularities have been shown to void the election. With this contention we do not agree. The section, supra, under which the election was

held provides that it shall be held and conducted under the supervision of the County Superintendent of the County in which the territory sought to be annexed lies. Under this section the County Superintendent is clothed with authority to hold and conduct the election under such reasonable rules as he may prescribe; and under such section all that is required of him is that he hold the election under such conditions and procedure as will permit each and every elector in the district, eligible to vote at such election, to express his or her choice for or against annexation.

We think such an election has been had. The trial court so found and sustained the election and the order of the County Superintendent declaring annexation. We see no reason for disturbing its judgment. McCarter v. Spears, 157 Okl. 168, 11 P.2d 489; Kreiser v. Groenwald, 184 Okl. 287, 86 P.2d 990. While these authorities refer to and discuss the question of the election of members of boards of education of school districts and selection of its officers, and probably are no longer strictly applicable to such elections in view of the 1949 statute, sec. 12, art. 4, School Code, 70 O.S.1951 (§ 4–1 et seq.) amending prior laws, we think these authorities, by analogy, sustain the contention of the County Superintendent that in holding an annexation election under the provisions of the statute supra, it is not essential that the election be conducted in accordance with the provisions of the General Election Laws of the State.

It is finally contended by appellants that said section is unconstitutional. It is asserted that it violates sec. 6, Art. III of the State Constitution. This section, as far as here material, provides:

"In all elections by the people the vote shall be by ballot and the Legislature shall provide the kind of ticket or ballot to be used and make all such other regulations as may be necessary to detect and punish fraud, and preserve the purity of the ballot;
* * *"

It is asserted that the legislature, in enacting Tit. 70, O.S.1951 § 7–1, failed to make provision as to the kind of ballot to be use, and failed to prescribe the procedure to be followed in conducting such election and for this reason it is unconstitutional. We do not agree. In our opinion, the above quoted provision of the Constitution has no application to school district elections such as involved here. It applies only to the elections mentioned in sec. 4, Art. III of said document. The contention of appellants that the section of the statute in question is unconstitutional cannot be sustained.

Judgment affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, and ARNOLD, JJ., concur.

WILLIAMS, J., concurs in result.